Clifford N. **STEELE** et al., Appellants,

v.

**BOARD OF PUBLIC INSTRUCTION OF LEON COUNTY, FLORIDA** et al., Appellees.

No. 22684.

United States Court of Appeals
Fifth Circuit.

Jan. 18, 1967.

Leroy David Clark, Jack Greenberg, New York City, Charles F. Wilson, Pensacola, Fla., James M. Nabrit, III, New York City, Theodore R. Bowers, Panama City, Fla., for appellants, Robert Belton, New York City, of counsel.

William A. O'Bryan, Ausley, Ausley, McMullen, O'Bryan, Michaels & McGehee, Tallahassee, Fla., for appellees.

John Doar, Asst. Atty. Gen., Clinton Ashmore, U. S. Atty., St. John Barrett, David L. Norman, Joel M. Finkelstein, Albert S. Pergam, Attys., Dept. of Justice, Washington, D. C., for the United States as amicus curiae.

Before WISDOM and COLEMAN, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

(1) April 22, 1963, the district court approved the defendants' desegregation plan, specifically retaining jurisdiction of the matter. May 7, 1964, the plaintiffs moved for further relief, seeking acceleration of the plan and requesting a unitary school system based on geographical attendance lines for grades 1–6. January 20, 1965, the court found the defendants to be in compliance with its outstanding order of April 22, 1963. February 5, 1965, the plaintiffs filed a motion requesting a hearing, noting that the court's January 20 order made no mention of the reorganization requested under the motion for further relief. April 5, 1965, the plaintiffs renewed the motion for hearing and asked for clarification as to whether the court intended to deny the motion for further relief by its order of January 20, 1965. April 7, 1965, the court granted the plaintiffs' motion for clarification stating that the court denied the motion because it sought to change the basic structure of the desegregation plan. The plaintiffs appealed from this order. The defendants contend that it was not an appealable order.

■ The order of April 7, 1965 denying the plaintiffs' motion to modify the plan was an appealable interlocutory order within the meaning of 28 U.S.C. § 1292(a) (1). See Boson v. Rippy, 5 Cir.1960, 275 F.2d 850, 853; Board of Public Instruction of Duval County v. Braxton, 5 Cir.1964, 326 F.2d 616. Cf. United States v. Lynd, 5 Cir.1962, 301 F.2d 818, 822.

■ (2) This Court has approved, in principle, freedom of choice plans for desegregating public schools, provided that they meet certain standards. United States and Linda Stout v. Jefferson County Board of Education decided De-

cember 29, 1966. Until the district court after a hearing, is convinced that the freedom of choice plan will not accomplish its objective in the particular school system where that plan is being used, no question arises whether the court should require the school authorities to shift to a plan based on geographic attendance zones. In this case since the plan fails in a number of important respects to meet the *Jefferson* standard, it must be modified. If the district court should find it desirable to order an evidentiary hearing, the court might find it desirable to receive evidence and to hear argument on the advantages of a unitary plan based on zoning. That is a matter for the trial judge to decide. This Court would agree that the school board should have the opportunity of demonstrating the feasibility of a freedom of choice plan meeting the standards of *Jefferson*.

The order of the district court is therefore vacated. The case is remanded to the district court for further consideration in light of *Jefferson*.