Christene KNOWLES, Appellant,

v.

**BOARD OF PUBLIC INSTRUCTION OF
LEON COUNTY, FLORIDA et al.,**
Appellees.

No. 26144.

United States Court of Appeals
Fifth Circuit.

Jan. 3, 1969.

Earl M. Johnson, Reese Marshall, Jacksonville, Fla., William L. Robinson, Jack Greenberg, James M. Nabrit, III, Conrad K. Harper, New York City, Alfred Feinberg, Tobias Simon, Miami, Fla., for appellant.

C. Graham Carothers, Ausley, Ausley, McMullen, Michaels, McGehee & Carothers, Tallahassee, Fla., for appellees.

Before TUTTLE and AINSWORTH, Circuit Judges, and MITCHELL, District Judge.

PER CURIAM:

This is an appeal by the plaintiff-intervenor in a suit seeking to cause the Board of Public Instruction of Leon County, Florida, to transfer her, a Negro teacher in business education, to a position in business education in a white school for the school year beginning September, 1966. The appellant filed her complaint as an intervenor in the then pending case of Clifford N. Steele et al v. Board of Public Instruction of Leon County, Florida, et al, a school desegregation case which was then on appeal to this court.

The trial court granted appellant's request to intervene in the class action then pending in Steele. However, the court postponed a hearing on the appellant's request for injunctive and other relief until after the Jefferson case was

decided. The Steele case was subsequently remanded by this court, 371 F. 2d 395 to permit the district court to alter its judgment to follow the requirements laid down by this court in the case of United States v. Jefferson County Board of Education, (5 Cir., 1966) 372 F.2d 836, aff'd en banc, 380 F.2d 385, cert. denied sub nom Caddo Parish School Board v. United States, 389 U.S. 840, 88 S.Ct. 67, 19 L.Ed.2d 103. The Jefferson type decree was entered by this trial court on May 1, 1967.

On December 1, 1967, Mrs. Knowles filed a motion for consideration of her complaint. It was set down and heard on February 26, 1968. The trial court took the position that there had been no requirement that the Board of Education desegregate its faculties until the mandate of the Jefferson case was issued, since this court had held in the Pensacola case, Augustus v. Board of Public Instruction, (5 Cir., 1962) 306 F.2d 862, that "in the exercise of its discretion * * * the district court may well decide to postpone the consideration and determination of [the question of faculty desegregation] until the desegregation of the pupils has either been accomplished or has made substantial progress."

■ Without regard to the fact that this court had not, until the publication of Jefferson, required specifically that any school district desegregate its faculties, this did not affect the right of a Negro teacher to require that a school board consider her application as a teacher in any school for which she was qualified without regard to race. Cf. Davis v. Cook, (N.D.Ga.1948) 80 F. Supp. 443, and Cook v. Davis, (5 Cir., 1949) 178 F.2d 595. This right exists under the equal protection provisions of the Fourteenth Amendment prohibiting state action denying equal protection of the laws to any person. However, the

appellant here did not seek this individual relief in an action brought by her for that purpose. She sought to become a party in a class action and alleged that her own intervention was on behalf of a class consisting of "all other Negro teachers, administrative personnel and professional staff in the Leon County School system who are similarly situated." This issue was already in the pending case, but was held in abeyance, as indicated above.

Under such allegations, the trial court naturally considered that as an intervenor, Mrs. Knowles would have to take the case in the posture in which she found it. See, generally, 4 J. Moore, Federal Practice ¶ 24.16 (2d Ed. 1953).

■■ Even if we were to consider this case as a proceeding under the Civil Rights Act 42 U.S.C.A. § 1983, the trial court has broad power to grant or deny the equitable relief sought. We conclude, therefore, that on the state of the record, it was not error for the trial court to deny the individual injunctive relief sought by the appellant.[1]

To the extent that Mrs. Knowles is entitled to have her application as a teacher given full consideration without regard to her race, the trial court has now granted that relief in the Steele case. This was accomplished when the trial court conformed its final judgment in the Leon County case to the decision of this court in Jefferson.

The trial court emphasized the fact that the plaintiff and every other Negro or white teacher under Jefferson has now the right to be considered for an appointment or transfer in the Leon County School system without reference to race. Now that this decree has been entered it is not too much to expect that a teacher having the experience and specialized training which this record indicates are possessed by the appellant, can

1. While the trial court would have ample jurisdiction to pass on the state questions of the effect of her resignation, under the doctrine of pendant jurisdiction, the considerations that caused the trial court to deny the injunctive relief would equally warrant its not undertaking to solve these state questions for this individual intervenor in the class action pending before it.

find a position in a desegregated faculty in the school system of her county where her talents will be fully utilized.

The trial court emphasized in remarks from the bench that "every teacher must be assigned without regard to race when application has been effect[ed] since the first of May, 1967." Any failure to carry out this provision of the Jefferson-type decree can readily be brought to the attention of the trial court.

The judgment is affirmed.