**Mrs. Patricia D. LARVADAIN**

v.

**RAPIDES PARISH SCHOOL BOARD et al.**

**Civ. A. No. 16517.**

United States District Court,
W. D. Louisiana,
Alexandria Division.

Sept. 22, 1972.

William E. Skye, Edwin O. Ware, Dist. Atty., Alexandria, La., for defendants.

NAUMAN S. SCOTT, Judge:

The plaintiff brings this action against the Rapides Parish School Board and Mr. Allen Nichols, Superintendent of Schools, and Mr. W. H. Parks, Supervisor of Personnel and Transportation, both officials of the Rapides Parish school system. *Jurisdiction is found in this matter under 42 U.S.C. §§ 1983, 1985 (3) and 28 U.S.C. § 1343(3).* 42 U.S.C. § 1983 provides:

"*Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.*"

42 U.S.C. § 1985(3) provides, in pertinent part:

"*If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.*"

Wilfret R. McKee, Baton Rouge, La., Edward Larvadain, Jr., Alexandria, La., for plaintiff.

In her complaint the plaintiff alleges that she has been denied the equal protection of the laws and due process of law

by the defendants who she claims denied her employment as a teacher in the Rapides Parish school system. She alleges that a conspiracy existed between Mr. Parks, Mr. Nichols and certain members of the School Board to deny her such employment because of the civil rights activities of her husband who is an attorney in Rapides Parish, Louisiana. She further alleges that the Board is not following the mandates of the decision in Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211 (5th Cir. 1969) and, by "manipulation" of that decision, denied her employment and that the policies of the School Board are designed to curtail legitimate civil rights activities by instilling in those individuals who might desire it a fear of not being able to maintain employment with the School Board. The defendants' answers simply deny all of the material allegations of the complaint. No legal issues are before the Court. The decision is one of fact. It is quite obvious from an examination of the testimony and the exhibits adduced on the trial of this matter that the plaintiff has not met her burden of proof.

This dispute stems from a misunderstanding which is apparent from the facts that were proven. It was established upon the trial of this matter that Mrs. Larvadain was first employed by the Rapides Parish School Board on a temporary basis during the Fall of 1968. She had earned a Bachelor of Arts degree from Southern University in January of 1968. Her major was English and she had earned no credit in education courses. Subsequently, Mrs. Larvadain was awarded a teacher's certificate by the Louisiana State Department of Education on January 29, 1971. In October of 1968 she was hired to replace Mrs. Deloris Robinson, a teacher at Peabody High School in Alexandria, Louisiana, who had taken maternity leave. Mrs. Robinson subsequently returned in January of 1970 to claim her job. The plaintiff was not certified when she was employed. She was employed on a temporary certificate and therefore was required to earn at least six semester hours

of resident credit toward certification during each year she was teaching on a temporary certificate, according to the regulations of the Louisiana State Department of Education issued pursuant to La.R.S. 17:411 et seq. (1950). At the end of three years she would have then been eligible to receive a regular certificate. Mrs. Larvadain was informed of this fact by way of the letter which offered her the position at Peabody High School dated November 4, 1968. (Exhibit D-5). By way of letter accepting the position dated November 7, 1968 Mrs. Larvadain indicated that she understood the requirement that she earn at least six semester hours per year, Exhibit D-6. On January 8, 1969, Mr. Parks wrote a letter to Mrs. Larvadain informing her that it would be necessary for her to send to his office an official transcript of her college credits in order that they might request the State Department of Education to issue a temporary teacher's certificate for her for the 1968–69 school year, Exhibit D-1. Subsequently, on January 29, 1969, Mr. Parks wrote the Registrar at Southern University requesting an official transcript for Mrs. Larvadain, Exhibit D-2. A transcript for Mrs. Larvadain was prepared on January 31, 1969 and forwarded to Mr. Parks' office, Exhibit D-7. This transcript reflects no courses taken subsequent to the Fall semester of 1967. Therefore, it is obvious that the only conclusion that could have been reached by the School Board was that Mrs. Larvadain had not complied with the necessary requirements to earn a temporary certificate. The School Board further received a transcript prepared for Mrs. Larvadain on February 16, 1969, Exhibit D-8, which indicated that Mrs. Larvadain had not registered for any courses subsequent to receiving her Bachelor of Arts degree. It contained only the same information that the first transcript contained. Neither of these transcripts reflected that Mrs. Larvadain had even registered for any courses subsequent to earning her BA degree. None of the courses she had taken pursuant to the program which led to her degree

included any education courses at all. A further transcript was received on Mrs. Larvadain by the School Board which was prepared on July 2, 1970. Exhibit D-13. This transcript reflected the same information contained in the previous two and no education courses were included. A fourth copy of her transcript containing the same information is in the record which was submitted by Mrs. Larvadain with her employment application of August 25, 1970. Exhibit D-14. The individual requesting the last three transcripts is not apparent from the testimony. They may have been issued pursuant to Mrs. Larvadain's request. It is apparent from an examination of this documentary evidence that as far as the School Board was concerned Mrs. Larvadain was simply not qualified to be teaching even on the temporary certificate upon which she was teaching during the school year of 1969–1970. The transcripts were erroneous; however, the defendants had no way of ascertaining this. The Court should point out here that should the School Board rehire an uncertified teacher who has not completed the required six hours college credit per year, this uncertified teacher cannot be paid out of state funds but must be paid out of the funds in the treasury of the local School Board. La.R.S. 17:414 (1950). The Board would, therefore, have considerable justification for not hiring such an individual under those circumstances. Mrs. Larvadain brought in grade slips reflecting work at Southern University during the required time period. She was informed that her grade slips were not acceptable, that official transcripts were all that could be utilized in obtaining a temporary certificate. Subsequently, transcripts were received which reflected the absence of the required educational courses. It is clear that Mrs. Larvadain was not a certified teacher and was erroneously rehired for the 1969–70 school year under a temporary certificate. She was taking the required courses, but none of the official transcript forwarded by Southern University reflected this. This is the error of Southern University, not the School

Board. Each time that Mrs. Larvadain obtained credit for courses at Southern University, she asked them to inform the Rapides Parish School Board. There is no evidence that this was done. The transcripts requested repeatedly by the School Board did not reflect these credits. When this suit was filed the Board requested of Southern University the final (fifth) transcript. It was completely different from the previous four, and reflected the interim credits which the previous transcripts had not shown.

■ The Court finds as a matter of fact that the conspiracy alleged did not exist. Because of the error of Southern University, the transcripts forwarded by it to the School Board did not accurately reflect the credits earned by Mrs. Larvadain. However, the Board was entitled to rely on these transcripts to determine plaintiff's eligibility for employment. The School Board is required to hire certified teachers when available. When not available, the School Board may hire uncertified teachers on a temporary certificate, but these teachers must meet the six hour credit per year requirement towards certification. The Board, on the basis of the four transcripts furnished it, had ample reason to believe that plaintiff had not complied with this requirement.

■■ However, the matter should not end here. The Court has broad powers to grant equitable relief which it deems just under the circumstances of a particular case, Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969); Knowles v. Board of Public Instruction of Leon County, Florida, 405 F.2d 1206 (5th Cir. 1969). Mrs. Larvadain, through no fault of her own or of defendants, was denied employment although she was actually qualified to continue on a temporary certificate. It is admitted that she was and is a competent English teacher and was certified on or before January 29, 1971 and therefore eligible for regular employment. The School Board, in March of 1971, required that all persons applying for employment as teachers in

Rapides Parish should make an adequate score on the National Teachers' Examination. Teachers employed on a permanent basis prior to the adoption of this requirement were exempt. As Mrs. Larvadain would have been eligible for regular employment in January of 1971, she would have been exempt except for the error in the transcript forwarded by Southern University. The Court will, therefore, order that Mrs. Larvadain be employed by the School Board to fill the next vacancy for a black English teacher in the Rapides Parish school system. Her employment after that time shall be subject to all the rules, regulations and requirements applicable to other teachers in the system.

In all other respects this action will be dismissed at plaintiff's cost.