Ralph BLOCKER, a minor, by Mr. and Mrs. Albert W. Knox, his guardians and next friend, et al., Plaintiffs,

v.

The BOARD OF EDUCATION OF MANHASSET, NEW YORK, et al., Defendants.

No. 62–C–285.

United States District Court
E. D. New York.

April 7, 1964.

Robert L. Carter, Jawn A. Sandifer and Maria L. Marcus, New York City, for plaintiffs.

Robert S. Blanc, Jr., New York City (Casey, Lane & Mittendorf, Samuel M. Lane and William E. Kelly, Harman Hawkins, New York City, of counsel), for defendants.

Edward J. Bazarian, Flushing, for proposed intervenors.

ZAVATT, Chief Judge.

In response to the order of this court dated and entered January 24, 1964, 226 F.Supp. 208 (E.D.N.Y.1964), the defendant Board of Education of Union Free School District No. 6, Manhasset, New York, has submitted, in the form of a proposed judgment, a plan to desegregate the elementary school system of the District. The plan provides for the closing of the Valley School at the end of the 1963–1964 School Year and the registration of all pupils of elementary school age (grades kindergarten through grade 6) who reside in the present Valley School attendance area in approximately equal amounts in the Plandome Road and Munsey Park Schools beginning with the 1964–1965 Fall Term of school. The Board and the administrative staff represent to the court that they "believe this can be done without detriment to the children either through overcrowding or through elimination of educational services. The addition of the Valley School pupils will not increase the class size by more than three and will not adversely affect the art, music, science or any other programs. Busing is not a substantial problem because it will not require transportation for more than two miles and will cost far less than operating the Valley School."

Upon the trial, evidence as to the elementary school population of the three elementary schools as of October 1, 1962,

was as follows: Valley School 166; Plandome Road School 600; Munsey Park School 574. These figures have been supplemented at a hearing held March 18, 1964, to show the elementary school population of the entire District by classrooms as of January 31, 1964, as follows:

| Class | Valley | | Plandome Road | | Munsey Park |
|-------|--------|--|---------------|--|-------------|
| K | 31 | six ½ day classes in three rooms | (21<br>(21<br>(20<br>(20<br>(20<br>(20<br>122 | | 17<br>18<br>18<br>16<br>15<br>17<br>101 |
| 1st grade | 24 | three full day classes in three rooms | (24<br>(26<br>(24<br>74 | | 23<br>23<br>23<br>69 |
| 2nd grade | 20 | three full day classes in three rooms | (23<br>(24<br>(25<br>72 | | 23<br>24<br>24<br>71 |
| 3rd grade | 16 | three full day classes in three rooms | (27<br>(26<br>(27<br>80 | four full day classes in four rooms | (19<br>(19<br>(22<br>(20<br>80 |
| 4th grade | 18 | four full day classes in four rooms | (23<br>(24<br>(20<br>(22<br>89 | | 22<br>21<br>22<br>21<br>86 |
| 5th grade | 22 | four full day classes in four rooms | (23<br>(23<br>(21<br>(21<br>88 | | 23<br>23<br>23<br>22<br>91 |
| 6th grade | 16 | three full day classes in three rooms | (24<br>(23<br>(23<br>70 | four full day classes in four rooms | (24<br>(24<br>(24<br>(24<br>96 |

Thus, as of January 31, 1964, the total elementary school populations of these three schools are: Valley, 147; Plandome Road 595; Munsey Park 594.

If all of the present Valley School children were transferred equally to the other two schools and no additional classrooms were made available the number of children in the classrooms in the Plandome Road and Munsey Park Schools would have to be increased as follows:

| Grade | Plandome Road and Munsey Park |
|---|---|
| K | 31 Valley children distributed in 12 classrooms. |
| 1 | 24 Valley children distributed in 6 classrooms. |
| 2 | 20 Valley children distributed in 6 classrooms. |
| 3 | 16 Valley children distributed in 7 classrooms. |
| 4 | 18 Valley children distributed in 8 classrooms. |
| 5 | 22 Valley children distributed in 8 classrooms. |
| 6 | 16 Valley children distributed in 7 classrooms. |

The elementary school enrollment in the Valley School as of January 31, 1964, does not reflect the anticipated total Valley area elementary school population as of the beginning of the Fall Term of the 1964–1965 School Year because of the fact that the Pond View public housing project, referred to in the court's opinion filed January 24, 1964, will have been completed and, presumably, occupied by 52 additional families before the beginning of the Fall Term. The administrative staff of the Board anticipates an increased elementary school population of 35 from this project, but cannot estimate the grade levels of these additional children who will then be living in the Valley area.

Assuming that all of the present elementary school children residing in the Valley (147) and all of the anticipated increase of 35 were transferred to the two other schools or elected to so transfer, accommodations in the two other schools would not be limited to the present elementary grade classes in those schools. The testimony of Dr. Brickell, Deputy Superintendent of Schools in Charge of Education, at the hearing held March 18, 1964, reveals that feasible conversions of school space at the Plandome Road School could produce four additional classrooms and that feasible conversions of school space at the Munsey Park School could produce two additional classrooms. At present, no final plans for such conversions have been made. It appears from the testimony at that hearing that these contemplated conversions can be made without adversely affecting the art, music, science and other special programs now conducted in special rooms. The evidence indicates that, if all of the Valley children were transferred to the other two schools either by order of the Board or if they voluntarily so transferred under a permissive transfer policy mandated by the court, neither of these two schools and their classrooms would be overcrowded. Although each of the present classrooms at Plandome Road and Munsey Park can accommodate three or four additional students, the pupil-load in the respective classes (without the 6 additional classrooms) will exceed the maximum heretofore recommended by the Board. These maxima are as follows:

| Grade | Recommended maximum |
|---|---|
| K | 17 |
| 1 | 22 |
| 2 | 22 |
| 3 | 24 |
| 4 | 24 |
| 5 | 24 |
| 6 | 24 |

Nevertheless, they are exceeded in other school districts and are presently ex-

ceeded in all of the kindergarten classrooms at Plandome Road School; two of such classrooms at Munsey Park School; all first and second grade classrooms at both of the schools and all third grade classes at Plandome Road School. No one has contended that the exceeding of the ideal classroom size policy of the Board has adversely affected the education of the children now attending these two all-white schools. The court is satisfied that the transfer of Valley children to these two schools will not result in overcrowding or adversely affect the education of the elementary school children of the entire District. In any event "it must be remembered that overcrowding of schools and classrooms can never be a justification for continued segregation." Taylor v. Board of Education, 195 F. Supp. 231, 235 (S.D.N.Y.), aff'd, 294 F. 2d 36 (2d Cir. 1961); see also Clemons v. Board of Education, 228 F.2d 853, 860 (6th Cir. 1956) (Stewart, J. concurring opinion), cert. denied, 350 U.S. 1006, 76 S.Ct. 651, 100 L.Ed. 868 (1956).

It having been established that no overcrowding of school facilities would result if the plan proposed by the Board were adopted by the court, it necessarily follows that the decree to be entered herein can be readily implemented without any untoward effects.

The plan proposed by the Board reflects the commendable desire of the Board and representative groups of citizens of the District to resolve the situation which gave rise to this litigation without resorting to appellate federal courts. The plan to close the Valley School was formulated by the Citizens Advisory Committee on Elementary School Enrollment, appointed by the Board; has been approved unanimously by the twenty-two member Executive Board of the Manhasset School Community Association; the eighty members of the Parent Councils of the three elementary schools, the Junior High School and the High School; the Manhasset Minister's Association. Following the report of the Citizens Advisory Committee, and the Board's adoption of its recommendations, the Board decided not to appeal. (Apparently, it erroneously believed that the order of this court to submit a plan was appealable. Taylor v. Board of Education, 288 F.2d 600 (2d Cir. 1961). Compare Board of Public Instruction v. Braxton, 326 F.2d 616 (5th Cir. 1964)). The Board then held open meetings at each of the three elementary schools which were attended by parents of the respective school attendance areas. Although the decisions of the Board not to appeal and to close the Valley School did not receive the unanimous approval of the residents of the two all-white areas, the Board reports that "the responsible elements of the community have supported the Board's decision not to appeal and to proceed with integration."

Nevertheless, nothing in the court's opinion of January 24, 1964, supra, requires a compulsive distribution of school children on the basis of race in order to achieve a proportional representation of white and Negro children in each elementary school within the District or the closing of any elementary school for such a purpose. The court did not hold that the neighborhood school policy per se is unconstitutional but, rather, that it is not immutable. It is the rigid nontransfer policy of the Board and its continued enforcement, despite the unusual facts of this case, which is tantamount to segregation by law in a District in which 100% of the Negro elementary school children are separated from 99.2% of the white children. Upon the facts of this case the court held that "the continuance of the defendant Board's impenetrable attendance lines amounts to nothing less than state imposed segregation." 226 F.Supp. at 226. It should be clear from the court's opinion that it was not mandating a Princeton Plan or any other type of compulsive distribution. In effect, the court was directing the Board to unlock the gate which confines 100% of the Negro children to the Valley School and, thereby, separates them from practically all of the white children of the District. The court

will not order the Board to close the Valley School and distribute the Valley School children as proposed. Rather, it will order the Board to discontinue its present rigid no-transfer policy insofar as the Valley children are concerned and permit them to transfer to other elementary schools in the District as hereinafter provided. Nevertheless, the court's decree is not to be construed as prohibiting the Board from closing the Valley School should the Board deem it necessary or advisable to do so.

### Decree

It Is Hereby Ordered, Adjudged And Decreed:

1. The Board of Education shall permit elementary school pupils who reside in the present Valley Elementary School attendance area to transfer their enrollment from the Valley School to other elementary schools in the District at the request of their parents or guardians.

2. All requests for such transfers shall be made upon application forms prepared by the Board of Education requiring such information as name of parent or guardian, home address, name and age of pupil, previous grade attained by pupil and related information which, in the judgment of the Board, is pertinent to the appropriate assignment of each child and advising each such parent or guardian that the transfer of such children is a matter of right.

3. The Board shall prepare and mail such an application form to each parent or guardian of a child of school age residing in the present Valley Elementary School attendance area on or before May 1st of each year commencing May 1, 1964. The Board shall provide assistance to those parents or guardians who request the same in order to prepare such requests for transfer.

4. Transfers shall be effected by the Board at the opening of the September 1964 school term upon receipt of properly executed application forms on or before June 1, 1964, for those pupils residing in the said attendance area as of May 15, 1964.

5. Applications for transfer of pupils who move into the District between May 16 and August 31, 1964, must be filed with the Board prior to September 1, 1964.

6. Pupils who move into the present Valley School attendance area on or after September 1, 1964 shall be permitted to transfer their enrollment from the Valley School to other elementary schools of the District at the request of their parents or guardians upon written application in the form hereinabove referred to. Such applications must be filed prior to the beginning of the next succeeding September school term. Transfers upon such requests shall be effected by the Board at the opening of the September school term immediately following the filing of such applications.

7. The Board shall make no restrictions as to the number or proportion of Valley School pupils who may so transfer and shall provide suitable physical space and appropriate educational arrangements in the other elementary schools of the District for all such pupils who desire to so transfer.

8. Although the right of each such child to so transfer is absolute, the assignment of individual pupils to a specific elementary school shall be made in the discretion of the Board, which may consider such matters as available space, reasonable class size, instructional requirements and distance from home to school.

9. The Board may, in its discretion, assign physically handicapped, mentally handicapped, or emotionally disturbed pupils to schools outside the District where special facilities and services are available for such children, on the basis of the same criteria under which such children of the District are presently so assigned.

10. Transportation between home and school for pupils who so transfer shall be provided on the same basis as it is to all other children of equivalent grade level throughout the School District.

The court hereby retains jurisdiction over this case to assure full compliance with this decree.