**In re Kenneth Wayne URQUHART.**
**No. B 2423 L.**

United States District Court
D. Nebraska.
Aug. 18, 1969.

William L. Howland, Lincoln, Neb., for petitioner Fred Gorges Lincoln-Mercury, Inc.

Donald R. Hays, Lincoln, Neb., for bankrupt.

## MEMORANDUM and ORDER

VAN PELT, District Judge.

This matter is before the court upon the Referee's Certificate for Review of his Order of May 28, 1969, and the creditor's Petition for Review of that Order. The Referee actually entered a memorandum herein on May 14, 1969 and a supplemental memorandum on May 19th announcing his decision. As a precaution, the creditor, who for brevity will frequently herein be called Gorges, on May 23 filed a petition to review this order as supplemented. No exception has been taken to the Referee's announced position that this memorandum and supplement was not an order and thus that it was unnecessary to ask for a reveiw of it. Gorges has taken timely exception to the Referee's only

reviewable order and the entire matter is now before this court. The Referee was by order of this court appointed a special master to hear certain matters connected with this court's order to reopen the bankruptcy and Gorges' motion to vacate the reopening order. These matters were properly considered by Mr. Strasheim, the Referee, acting as such special master, and exceptions have been sufficiently taken to his findings and recommendations as special master to present for review the entire matter.

The court concludes that the Referee's findings and order and his report as special master should be confirmed and approved by this court and that the petition for review should be denied. It will set forth the basis for so ruling.

A background statement as to the law and facts is necessary. Bankrupt, a pharmacist, and his wife, were sued on May 4, 1967 in the Municipal Court of Lincoln, Nebraska, by Fred Gorges Lincoln-Mercury, Inc. on a promissory note. Joseph Krause, a member of the bar of this court, was at all times material herein secretary of this corporation (a Nebraska corporation), which for several years had held an automobile dealership in Lincoln. Notice of the bankruptcy was given by mail addressed to Fred Gorges in care of Mr. Krause at Mr. Krause's office address in Lincoln, Nebraska. Judgment was entered against the defendants on December 29, 1967. On the same day, a suggestion of bankruptcy was filed in the Municipal Court. The bankruptcy docket of this court shows that on December 29, 1967 a voluntary petition in bankruptcy verified as of December 20, 1967 was filed with the Clerk of this Court. It listed as a creditor Fred Gorges, c/o Joseph Krause, Attorney at Law, 1620 M Street, Suite 6, Lincoln, Nebraska, 68508, and noted that the 1965 Mercury and camera equipment had been repossessed. It listed the indebtedness at $1,750.00 and also listed under suits, etc. the Municipal Court judgment above mentioned by docket and page number. Although in one pleading there is doubt

cast on whether Mr. Krause received this notice or knew of the bankruptcy, and a brief filed states that neither Krause nor Gorges were served with the suggestion of bankruptcy, no witness has been called to show that Mr. Krause did not know of the bankruptcy. This court is convinced that Mr. Krause did know of the bankruptcy on December 29, 1967 and at all times thereafter. This court believes that he received this information both as attorney for the creditor, whom he represented in the Municipal Court and as secretary of the corporation.

After the closing of the bankruptcy estate, Gorges moved to set aside the stay in bankruptcy. The claim was advanced that in the bankruptcy schedules Fred Gorges had been named a creditor and not Fred Gorges Lincoln-Mercury, Inc., who was the named plaintiff in the Municipal Court action, and that the notice mailed as it was to or in care of Krause as attorney was not notice to the corporation of which he was the secretary. The matter was argued, a showing was filed, and the case was set for hearing. Bankrupt's counsel failed to appear at this hearing. The court thereupon sustained the motion to set aside the stay and did set it aside. Thereafter, garnishment proceedings were instituted resulting in the collection of certain moneys from bankrupt's wages and the impounding of other moneys referred to by the Referee.

The proceedings in this court followed. ▐▌ It is clear that we have here a dischargeable debt, a judgment entered thereon, a properly filed bankruptcy with a listing of the debt although the amount and the name of creditor was not accurate. The judgment was listed in the schedules by name of court and case number. Mr. Krause, the attorney, and the corporation of which he was an officer, in this court's opinion could have no doubt that it was intended to discharge in bankruptcy the judgment debt. A discharge was duly entered. The record is silent as to what Mr. Krause as attorney for the debtor, or as an officer of the corporation, did with the notice mailed by the bankruptcy court. Whether his communications, if any, with his client concerning the bankruptcy would be privileged as between attorney and client is not before the court. It makes no difference whether he delivered it to the corporation or otherwise informed the corporation of it or not. He was its secretary. His knowledge was the corporation's knowledge. To hold, as creditor wants the court to hold, that actual knowledge of a bankruptcy by the attorney for a corporate creditor, who is the corporate secretary, does not constitute notice to the creditor corporation, would be a miscarriage of justice and would tend to lead, as it may have here, to what has been termed overreaching.

In petitions for review of orders of the Referee in Bankruptcy or of a special master, under Bankruptcy Gen. Order 47 the Judge "shall accept his findings of fact unless clearly erroneous." The Judge is not bound by the Referee's conclusions of law. See Walker v. Commercial Natl. Bank (8 Cir. 1954) 217 F.2d 677. While many questions are argued by attorneys for the creditor and the brief filed is well written and exhaustive, this case really turns on whether the Municipal Court ruling setting aside the stay in bankruptcy is res adjudicata and whether the debtor by failing to appeal the Municipal Judge's ruling is now precluded from relief in this court. To state it another way, whether the bankruptcy court has jurisdiction to stay the Municipal Court proceeding and order the moneys paid or impounded on a judgment which had been discharged in bankruptcy returned to the bankrupt.

We are not concerned here with the wisdom of the bankruptcy statutes. We are not concerned, as creditor urges, with whether a pharamacist earning ten or eleven thousand dollars a year should escape the payment of a just debt. We take the Bankruptcy Act as it exists. The Congress determines the scope of the Act and the persons to whom it is

applicable. Congress determines whether there should be a bankruptcy act. This Nation has not always afforded debtors bankruptcy relief. We are only concerned in seeing that a debtor who has discharged a debt in bankruptcy is not subjected to harassment as to his discharged debts and that a creditor whose debt has been discharged is not allowed to unjustly and by technicalities to defeat the purposes of the Act. Actually, as above indicated, we are only concerned as to findings of fact with whether the Referee's findings are clearly erroneous. Mention is made of public policy only because the creditor has mentioned it.

Undoubtedly as the Referee has noted (see footnote 26, p. 12, Referee's Memorandum) ordinarily res adjudicata inhibits intervention by the bankruptcy court. The underlying policy of res adjudicata, however, may not be more important than the underlying policy of the bankruptcy act in rehabilitating honest debtors.

Many cases have permitted relief to a debtor notwithstanding the res adjudicata claim if "unusual circumstances" are present. See Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, and Hilton Credit Corp. v. Jaggli (8 Cir.) 366 F.2d 793 (opinion by Senior C. J. Harvey M. Johnsen of this Circuit).

There is in this case a question as to the res adjudicata effect of the Municipal Court order and whether the effect of the bankruptcy discharge was actually litigated or whether bankrupt's attorneys not having appeared, the matter was handled as a default without the real issue being considered thoroughly. Supporting this statement which is mainly conjecture, is the Court's acquaintance with the Lincoln municipal judges and his difficulty to see how in view of the listing of the judgment and Mr. Krause's knowledge as attorney and an officer of the creditor corporation, of the bankruptcy, any of them, on study, would have held either the notice or the listing to be insufficient and the bankruptcy discharge ineffective. In addition to all

the other facts outlined by the Referee and supporting the justness of his ruling, it can well be argued that a bankruptcy discharge is conclusive on all the parties and can only be set aside or reversed in direct proceedings. See General Protestant Orphans' Home v. Ivey, 6 Cir., 240 F.2d 239. It is not necessary, however, under the facts here, to so hold.

As to the matter of attorneys fees prayed for by the bankrupt, the court feels bound by the doctrine above mentioned, that unless clearly erroneous, the findings of fact of the Referee should be affirmed. Had the Referee allowed attorneys fees this court would have had no hesitancy in affirming a substantial allowance. This comment is made because it is to be hoped that the bar will not repeat the procedures here condemned by the Referee and which he says "smacks of overreaching and harassment."

It is ordered that the Petition for Review of the findings and orders of the Referee in Bankruptcy and Special Master be overruled and denied.