UNITED STATES of America,
Plaintiff,

Nellie Mae Webb et al., Applicants
for Intervention,

v.

The SCHOOL DISTRICT OF OMAHA,
STATE OF NEBRASKA, et al.,
Defendants.

No. Civ. 73-0-320.

United States District Court,
D. Nebraska.

Nov. 27, 1973.

---

Brian K. Landsberg and Ross L. Connealy, Dept. of Justice, Washington, D. C., for plaintiff.

Legal Aid Society of Omaha, Omaha, Neb., Harvard Center for Law and Education, Cambridge, Mass., for applicants for intervention.

Baird, Holm, McEachen, Pedersen, Hamann & Haggart, Omaha, Neb., for defendants.

## MEMORANDUM OPINION

SCHATZ, District Judge.

This matter is before the Court on motion for intervention, or in the alternative for consolidation, filed by the above-named applicants, in a cause pending before this Court since August 10, 1973. Applicants move for the entry of an order allowing their intervention as plaintiffs pursuant to Rule 24(a)(2), Federal Rules of Civil Procedure. Alternatively, applicants seek intervention pursuant to Rule 23(b)(2): In the event intervention is denied, applicants move that the Court consider the complaint filed by them as initiating a separate action and that the same be consolidated with the pending action pursuant to Rule 42(a).

Applicants are black parents and their children who reside within the Omaha Public School System. The children-plaintiffs attend schools in the system. The complaint filed by the applicants and attached with their motion for intervention alleges that officials of the Omaha Public School System have engaged in racial discrimination in the operation of the Omaha Public Schools in violation of the Fourteenth Amendment to the United States Constitution. On August 10, 1973, the Attorney General, on behalf of the United States, filed suit in this Court pursuant to Title IV of the 1964 Civil Rights Act (42 U.S.C. § 2000c–6(a) and (b)) against the Board of Education of the School District of Omaha, its members and the Superintendent of the Omaha Schools. This complaint also alleges *inter alia*, that defendants have engaged in racial discrimination in the operation of the Omaha Public School System in violation of Title IV of the Civil Rights Act of 1964 and the Fourteenth Amendment to the Constitution of the United States.

Applicants herein assert that they are entitled to intervene in the aforementioned suit filed by the Attorney General as a matter of right pursuant to Rule 24(a)(2), *supra*. This Rule (intervention of right) provides that "upon timely application anyone shall be permitted to intervene in an action: * * * when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

So far as this matter is concerned, Rule 24(a)(2) establishes three conditions for intervention of right: the applicant's interest must relate to the property or transaction which is the subject of the principal action; applicant must be so situated that the disposition of the main action may as a practical matter impair or impede his ability to protect that interest; and that applicant's interest is not adequately represented by existing parties. The Court has no doubt that the claims of the applicants herein relate to the transaction which is the subject matter of this action and that applicants are situated so that a disposition of the action herein may, as a practical matter, impair or impede their ability to protect their interest. However, the Court finds that the motion to intervene, as a matter of right, must fail because of the third condition, *supra*.

■■ So far as adequacy of representation is concerned, the controlling rule is well settled "that representation is adequate if there is no collusion between the representative and an opposing party, if the representative does not have or represent an interest adverse to the applicant, and if the representative does not fail in the fulfillment of his duty." Peterson v. United States, 41 F. R.D. 131 (D.Minn.1966). *See also* Stadin v. Union Electric Co., 309 F.2d 912 (8th Cir. 1962), cert. denied, 373 U.S. 915, 83 S.Ct. 1298, 10 L.Ed.2d 415 (1963). All of these conditions have been met in this case. Clearly there has been no collusion between the existing parties, and indeed, there is no allegation or evidence of any collusion, or of any nonfeasance or neglect of duty. Further, the representative (plaintiff, United States of America) does not have or represent an interest adverse to the applicants-intervenors. Their respective goals are neither conflicting nor potentially conflicting and both the representative-plaintiff and applicants pursue the same end result. Nor can it be said, and it does not appear that the applicants seriously contend, that plaintiff has failed in any segment of its duty to assert the interests that the intervenors would support. Counsel for plaintiff have acted vigorously and efficiently in this regard and the record thus far reflects diligence and thoroughness. This Court has no doubt that applicants have been and still are afforded more than adequate representation by the plaintiff.[1] *See* United States v. Board of School Commissioners, Indianapolis, 466 F.2d 573 (7th Cir. 1972), cert. denied, sub nom., Citizens of Indianapolis for Quality Schools, Inc. v. United States, 410 U.S. 909, 93 S.Ct. 964, 35 L.Ed.2d 271 (1973); Moore v. Tangipahoa Parish School Board, 298 F.Supp. 288 (E. D.La.1969).

Applicants urge a liberal interpretation and construction of Rule 24(a)(2) and it would appear that the Courts in this District and the Court of Appeals for the Eighth Circuit have traditionally followed this view. However, as stated in Peterson v. United States, *supra,* " 'liberality, however, does not equate with rights of indiscriminate intervention.' The bounds of the Rule are to be observed."

■ Alternatively, applicants pray for leave to intervene under Rule 24(b)(2), Federal Rules of Civil Procedure, providing for permissive intervention. This rule, as applicable here, provides that upon timely application, anyone may be permitted to intervene in an action when the applicants' claim or defense and the main action have a question of law or fact in common. If these

---

1. "When intervenors claim they are not being adequately represented by the Government, courts should be very hesitant to hold such representation inadequate, 'at least in the absence of any claim of bad faith or malfeasance on the part of the Government * * *.' Sam Fox Publishing Co. v. United States, 1961, 366 U.S. 683, 689, 81 S.Ct. 1309, 1313, 6 L.Ed.2d 604; Blocker v. Board of Education of Manhasset, *supra,* 229 F.Supp. 709, at 715. *See generally,* 4 Moore's Federal Practice, ¶ 24.08." Moore v. Tangipahoa Parish School Board, 298 F.Supp. 288, 292, n. 10 (E.D.La.1969).

conditions are met, the trial court may, in its discretion, permit intervention if to do so would not unduly delay or prejudice adjudication of the rights of the original parties.

It is beyond dispute that the claims of intervenors are based upon common questions of law and fact with the issues raised in the main action and, although not entirely prompt, the intervention sought here cannot be said to be completely untimely. Although the issues in the main action have been made up and drawn since September 18, 1973, and although a lengthy hearing has heretofore been held with regard to plaintiff's motion for a preliminary injunction, and although discovery proceedings have already been instituted, the longest portion of the road lies ahead. In view of these conditions having been met, this Court may permit intervention under Rule 24(b)(2), *supra*, if to do so would not unduly delay or prejudice adjudication of the rights of the original parties, and in this connection the Court believes there will be no undue delay nor will the presence of the applicants-intervenors interfere with or prejudice the rights of the present parties so far as an adjudication on the merits is concerned. It should be noted here that so far as discovery proceedings are concerned, the Court has already, as of the day the motion to intervene was heard, permitted the applicants to participate in any discovery which was to be carried out pending this Court's determination of whether to allow intervention herein.

However, in permitting intervention under Rule 24(b)(2), which the Court is allowing, the intervention will be subject to the following conditions in order to protect the interests of the original parties and permit due and efficient administration of justice:[2]

1) Intervenors will not be permitted to assert any defenses or claims previously adjudicated by the Court;

2) Intervenors may not reopen any questions that have previously been decided by the Court;

3) All evidence heretofore adduced, prior to intervention, shall stand and be read as evidence bearing upon the existence and enforceability of the alleged rights and claims of intervenors, so far as pertinent thereto, and shall be considered by the Court in the determination of said rights and claims subject to such objections to said evidence as were made during the presentation thereof;

4) All evidence adduced in this cause prior to intervention and proof or disproof of points common to the alleged claims of the original plaintiff and intervenors shall stand as evidence, to be considered by the Court on such common points;

5) Discovery proceedings initiated or already completed shall stand without duplication.

It is, therefore, the order and ruling of this Court that the applicants' motion to intervene as a matter of right is denied; that applicants' motion for permissive intervention is hereby granted, subject to the conditions as set forth herein above; that in view of the Court's ruling on applicants' motion for intervention, it is unnecessary for the Court to discuss or determine applicants' motion for consolidation under Rule 42(a). A separate order is entered this day.

2. Permissive intervention is often made conditional in order to protect the interests of the existing parties. See generally, C. Wright and A. Miller, Federal Practice and Procedure, Section 1922 (1972); Stell v. Savannah-Chatham County Board of Education, 255 F.Supp. 88 (S.D.Ga.1966); Knowles v. Board of Public Instruction, Leon County, Florida, 405 F.2d 1206 (5th Cir. 1969); Galbreath v. Metropolitan Trust Co. of California, 134 F.2d 569 (10th Cir. 1943); Mathieson v. Craven, 247 F. 223 (D.Del.1917).