Donald MACK and Earl Hooks each Individually, and on behalf of all others similarly situated,

v.

GENERAL ELECTRIC COMPANY.

Civ. A. No. 69–2653.

United States District Court, E. D. Pennsylvania.

July 12, 1974.

See also D.C., 329 F.Supp. 72.

William T. Coleman, Jr., John F. Smith, III, Dilworth, Paxson, Kalish, Levy & Coleman, Philadelphia, Pa., for plaintiffs.

Morris R. Brooke, Drinker Biddle & Reath, Philadelphia, Pa., for defendant.

Joseph E. Finley, Philadelphia, Pa., Robert Friedman, Jamaica, N. Y., for International Union of Electrical, Radio and Machine Workers, AFL-CIO-CLC and Local 119.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, Chief Judge.

This is a motion to intervene filed by the International Union of Electrical, Radio and Machine Workers, AFL-CIO-CLC (IUE) and its Local 119. The motion was filed approximately four and a half years after the commencement of this action, and after the parties submitted a proposed consent decree to the court for approval. Both plaintiffs and defendant oppose this motion, primarily on the basis of untimeliness.

Under F.R.Civ.P. 24, a motion to intervene must be timely, regardless of whether intervention is sought as of right [24(a)] or by permission [24(b)]. When the motion is advanced at such a late stage in the proceedings, the test for timeliness is whether the proposed intervenors knew or should have known of the pendency of the action at an earlier time, and should therefore have acted to protect their interests sooner, NAACP v. New York, 413 U.S. 345, 365–368, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973).

We find from the affidavits and record before us that representatives of Local 119 knew about the pendency and subject matter of this suit. Notice of this action pursuant to court order was delivered to all employees, posted on bulletin boards throughout the plant, and publicized in area newspapers. Personnel from General Electric at various times discussed this action with representatives of Local 119. IUE argues, however, that it is a separate and distinct entity from its local affiliate, and that knowledge by members of Local 119 can not be ascribed to members of the International nor particularly to its administrative arm, the National General Electric Conference Board.

IUE asserts that its right or need to intervene is buttressed by its strong concern with matters of employment discrimination, evidenced by its past activities and endeavors to investigate any complaints of discrimination throughout the General Electric plants. It asserts its ignorance of this action was caused by General Electric's refusal to answer its requests for information concerning any complaints of discrimination of which the Company was aware. But, it was not reasonable for IUE to rely on the Company's silence without inquiring of its own local affiliates as to discrimination complaints and lawsuits of which they had knowledge. We find, therefore, that IUE should have known of the pendency of this action long before it asserts that it did know. Our conclusion is supported by the fact that Joseph Egan, President of Local 119 who personally knew of this action, is also a member of the National Conference Board and a signatory of the 1973–76 collective bargaining agreement between General Electric and the IUE.

We consequently hold that both IUE and Local 119 are barred from entering this lawsuit to object generally to the provisions of the proposed consent decree. However, we are concerned about possible confusion in the consent decree as to how it affects the future collective bargaining rights of the union (both IUE and Local 119). Although the agreement of course can only bind the parties to the lawsuit, we think the union should be given the chance to demonstrate how it believes its rights as the collective bargaining agent for General Electric employees may be impaired. We will not allow the union to dispute the particular provisions of the consent decree, but will allow them to suggest the necessity for a proviso regarding the consent decree's effect on collective bargaining, see EEOC v. A T & T, 365 F. Supp. 1105, 1128 (E.D.Pa.1973), and a clarification of the identity of the parties bound by the decree. This limited intervention to protect future rights where general intervention is barred by untimeliness was allowed by Judge Weber in Hoots v. Pennsylvania, 359 F.Supp.

807 (W.D.Pa., Memorandum Order filed Nov. 6, 1973) and recognized by this Court of Appeals in Hoots v. Pennsylvania, 495 F.2d 1095 (C.A. 3, filed April 18, 1974).