Kevin ARMSTRONG and Kraig Armstrong, minors, by Roosevelt Savage and Rochelle Savage, their parents and next friends, Mary Lou Hicks and Presten Hicks, minors, by Paul L. Hicks and Rose B. Hicks, their parents and next friends, Jean Robinson, by Alonzo Robinson and Theresa Robinson, their parents and next friends, and Andrew Smith, Grantley H. Smith, and Kermit Smith, minors, by Kenneth L. Smith and Phyllis G. Smith, their parents and next friends, Plaintiffs,

v.

Donald J. O'CONNELL, Thomas Brennan, Anthony S. Busalacchi, Margaret Dinges, Gerald P. Farley, Stephen Jesmok, Jr., Marian McEvilly, Maurice J. McSweeney, Edward S. Michalski, Clara A. New, Evelyn T. Pfeiffer, Lorraine M. Radtke, Lois Riley, Doris Stacy, and Leon W. Todd, Jr., Members of the Board of School Directors of the City of Milwaukee, Lee R. McMurrin, Superintendent of Schools of the City of Milwaukee, and Thomas A. Linton, Secretary-Business Manager of the Board of School Directors of the City of Milwaukee, Defendants.

Civ. A. No. 65–C–173.

United States District Court, E. D. Wisconsin.

April 9, 1977.

Lloyd A. Barbee, Milwaukee, Wis., for named plaintiffs.

Irvin B. Charne, Milwaukee, Wis., for the absent members of the plaintiff classes.

L. C. Hammon, Jr., Ross R. Kinney, and Patrick W. Schmidt, Milwaukee, Wis., for defendants.

Curry First, Milwaukee, Wis., for Milwaukee Teachers' Ed. Ass'n, undesignated intervenor.

## MEMORANDUM OPINION AND ORDER

REYNOLDS, Chief Judge.

On February 6, 1976, the Milwaukee Teachers' Education Association ("MTEA") filed a motion requesting leave to intervene in the above-captioned action. For the reasons hereinafter stated, that motion will be granted subject to certain conditions.

An affidavit of the executive director of MTEA, submitted in support of the motion, states at paragraph 7:

"MTEA's desire to intervene is a desire to participate only at the District Court level in this case and to actively participate in the formulation and implementation of plans to eliminate every form of racial segregation in the Milwaukee public school system *as such plans affect wages, hours and working conditions of the members of MTEA.*" (Emphasis added.)

From exhibits attached to the aforementioned affidavit, it appears that MTEA is the duly certified collective bargaining representative of certain employees of the Milwaukee Board of School Directors. In their official capacities, the individual members of the Milwaukee Board of School Directors are defendants in this action.

By a pleading in intervention attached to an amended motion to intervene filed February 12, 1976, MTEA alleged its agreement with the partial judgment entered in this case on January 19, 1976, and requested permission to intervene as a named plaintiff.

On February 25, 1976, a stipulation between the attorneys for the named plaintiffs, the absent members of the plaintiff classes, and MTEA was filed in which those parties consented to the entry of an order permitting MTEA to intervene as an "undesignated intervenor." By a letter to the court received March 4, 1976, the attorney for the defendants stated that the defendants did not object to MTEA's intervention motion or the aforementioned stipulation.

Rule 24 of the Federal Rules of Civil Procedure provides for two avenues of intervention in pending actions—intervention of right under Rule 24(a) and permissive intervention under Rule 24(b). To a certain extent, intervention of right and permissive intervention are distinguishable on the basis of the nature of the claims which the intervening party seeks to advance in the pending litigation. Where parent groups have sought leave to intervene in pending school desegregation cases, the courts have not been in agreement as to whether such requests should be considered under the standards of permissive intervention or intervention of right. Compare *Smuck v. Hobson,* 132 U.S.App.D.C. 372, 408 F.2d 175 (1969), and *Johnson v. San Francisco Unified School District,* 500 F.2d 349 (9th Cir. 1974), where requests to intervene were considered under Rule 24(a)(2), with *United States v. School District of Omaha,* 367 F.Supp. 198 (D.Neb.1973), and *United States v. Board of School Commissioners of the City of Indianapolis,* 466 F.2d 573 (7th Cir. 1972), cert. denied, 410 U.S. 909, 93 S.Ct. 964, 35 L.Ed.2d 271 (1973), where intervention was considered under Rule 24(b)(2).

The Court believes that the better view is to consider MTEA's request for intervention under the standards of permissive intervention, Rule 24(b)(2). See *Board of School Commissioners of the City of Indianapolis,* supra. The Court finds that it is likely that MTEA will have claims or defenses which will present questions of fact or law in common with those present in the main action. In exercising its discretion with respect to a motion to intervene under Rule 24(b)(2), the Court is directed to "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Where, as here, the applicant for intervention has adopted fully the results of past proceed-

ings and seeks only to participate prospectively in the remedial portion of the lawsuit, the Court finds that delay or prejudice to the adjudication of the rights of the original parties will not occur. See *Hodgson v. United Mineworkers of America,* 153 U.S.App.D.C. 407, 473 F.2d 118, 129 (1972).

Indeed, it may well be that allowing the MTEA to intervene will advance the adjudication of the rights of the original parties in this case. It is possible that the remedial decree finally adopted by this Court will affect the working conditions of MTEA members. If the MTEA is a party to this action, it will be bound by such a decree, and possible conflicts between the plaintiffs' constitutional rights and the collective bargaining rights of MTEA members will thus be resolved in a single proceeding.

The parties have not cited precedent for allowing the MTEA to proceed as an "undesignated" intervenor. Under the circumstances of this case, however, the Court concludes that it would be counterproductive to artificially align the MTEA as either a plaintiff or a defendant.

Where intervention is permissive, the Court may limit the intervention to certain issues or place other conditions upon it. 3B Moore's Federal Practice ¶ 24.10[4], at 24–396 (2d ed. 1975). The Court will accordingly order that MTEA's intervention be limited to prospective participation in proceedings in this case relating to a remedial decree, and then only insofar as such proceedings involve issues affecting the wages, hours, and working conditions of MTEA's membership.

IT IS THEREFORE ORDERED that the Milwaukee Teachers' Education Association shall be permitted to participate as an undesignated intervenor in future remedial proceedings in this action to the extent that such proceedings relate to and affect the wages, hours, and working conditions of the Association's members.