**In the Matter of AMERICAN BEEF PACKERS, INC., Bankrupt.**

Civ. No. 78–0–168.

United States District Court,
D. Nebraska.

Sept. 6, 1978.

James P. Linn, Oklahoma City, Okl., David S. Lathrop, Omaha, Neb., for appellant.

Edward G. Warin, U. S. Atty., District of Nebraska, Omaha, Neb., for respondent.

## MEMORANDUM

DENNEY, District Judge.

This matter comes before the Court on appeal from an order of the Bankruptcy Judge denying appellant West's motion to join or intervene as plaintiff in a show cause hearing brought by American Beef Packers Company against the United States Department of Agriculture. The Department of Agriculture has also submitted a motion to dismiss on the ground of mootness.

On January 7, 1975, the Bankruptcy Judge issued an injunction barring all proceedings against American Beef that would tend to interfere with the operation of the company business pending termination of Chapter XI proceedings [Exhibit # 1]. On August 9, 1977, the Department of Agriculture initiated a proceeding to withdraw grading services from the bankrupt and Frank West [Exhibit # 2]. The Department of Agriculture further proposed to debar the bankrupt and West from participation in government contracts.

Subsequently, American Beef filed a motion in bankruptcy court requesting that the Department of Agriculture show cause why it should not be found in contempt of the injunction [Filing # 3862]. Thereafter, West, filed a motion to join or intervene in the show cause proceeding [Filing # 3870].[1] West's motion was denied by the Bankruptcy Judge on March 10, 1978 [Filing # 3874].

Subsequently, on March 20, 1978, West filed his notice of appeal to this Court [Filing # 3876].

On April 25, 1978, American Beef filed a motion to dismiss, without prejudice, their show cause motion. This was granted by the Bankruptcy Judge that same day. As a result of this dismissal, the Department of Agriculture filed a motion to dismiss the appeal on the ground of mootness [Filing # 3889].

On appeal, the Bankruptcy Judge's findings of fact are "entitled to stand unless clearly erroneous." *Darman v. Metropolitan Alarm Corp.*, 528 F.2d 908, 910 (1st Cir. 1976); BANKR. RULE 810. However, the Court is not bound by the Bankruptcy Judge's conclusions of law. *In Re Urquhart*, 303 F.Supp. 39, 41 (D.Neb.1969), *aff'd*, 427 F.2d 492 (8th Cir. 1970).

### Intervention as of Right

Rule 24 of the Federal Rules of Civil Procedure provides for intervention as a matter of right and permissive intervention. *See* F.R.Civ.P. 24. With respect to the mandatory right of intervention, the determination will necessarily involve a consideration of mixed questions of law and fact. Therefore, the "clearly erroneous" rule is inapplicable. *See, e. g., Stafos v. Jarvis*, 477 F.2d 369 (10th Cir. 1973). A broader scope of review must be undertaken.

Bankruptcy Rule 724 provides that the federal rule for intervention, Rule 24, applies to a proceeding in Bankruptcy Court. Rule 24 provides in part:

> Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that inter-

---

1. West labeled his motion as a motion for joinder. However, the Court agrees with the Bankruptcy Judge that this matter should be treated as a motion to intervene since West is an outside party seeking to come into the show cause hearing. *See F.R.Civ.P.* 24; *see generally* 7A Wright & Miller, Federal Practice and Procedure § 1901, at 464–66 (1972).

est, unless the applicant's interest is adequately represented by existing parties. F.R.Civ.P. 24(a).

Thus to intervene the applicant must generally show three things: (1) That he has recognized interest in the subject matter of the primary litigation, (2) That his interest might be impaired by the disposition of the suit, and (3) That his interest is not adequately protected by the existing parties.

*Edmondson v. State of Nebraska*, 383 F.2d 123, 126 (8th Cir. 1967).

■ An examination of the record and briefs of the parties discloses that West has failed to satisfy the third criterion. Therefore, the Court is in agreement with the decision of the Bankruptcy Judge and is of the opinion that the appellant West could not intervene as a matter of right in the proceeding between American Beef and the United States Department of Agriculture.

In *Edmondson v. State of Nebraska, supra*, 383 F.2d at 127, Judge Gibson of the Eighth Circuit stated that "[i]nadequacy of representation is a necessary element to be proved by a party seeking to intervene under Rule 24(a)." In *United States v. School District of Omaha*, 367 F.Supp. 198, 200 (D.Neb.1973), Judge Schatz of this Court set forth the conditions for determining adequacy of representation.

So far as adequacy of representation is concerned, the controlling rule is well settled "that representation is adequate if there is no collusion between the representative and an opposing party, if the representative does not have *or represent* an interest adverse to the applicant, and if the representative does not fail in the fulfillment of his duty." *Peterson v. United States*, 41 F.R.D. 131 (D.Minn. 1966). *See also Stadin v. Union Electric Co.*, 309 F.2d 912 (8th Cir. 1962), cert. denied, 373 U.S. 915, 83 S.Ct. 1298, 10 L.Ed.2d 415 (1963).

The Court believes that these conditions have been satisfied. There has been no collusion between American Beef and the Department of Agriculture. Moreover, there is no allegation or evidence of collusion or that the representative failed to make a diligent effort to protect West. Further, American Beef does not have an interest adverse to West. Both parties desire the same outcome, the overall protection of American Beef's business against any sanctions which the Department of Agriculture might impose. Obviously, American Beef would attempt to act vigorously and efficiently to adequately represent themselves and West since any action directed against American Beef or West will only affect the one party, American Beef. In attempting to achieve their identical goals, counsel for American Beef has fulfilled its duty to represent both parties. The Court is convinced that the intervenor has been provided adequate representation by American Beef. *See United States v. School District of Omaha, supra*, 367 F.Supp. at 200 and cases cited therein.

■ In addition, the intervenor argues that the burden of showing adequate representation should be cast on the party opposing the intervention. While the Court recognizes that some jurisdictions have shifted the burden to the opposing party, *see TPI Corp. v. Merchandise Mart*, 61 F.R.D. 684 (D.S.C.1964); *Smuck v. Hobson*, 132 U.S. App.D.C. 372, 378, 408 F.2d 175, 181 (1969), this Court, consistent with the Eighth Circuit decision in *Edmondson v. State of Nebraska, supra*, is convinced that the burden was not inappropriately placed on the intervenor. *See also Planned Parenthood v. Citizens for Community Action*, 558 F.2d 861, 869 (8th Cir. 1977).

*Permissive Intervention*

■ The appellant, West, argues in the alternative for leave to intervene under Rule 24(b)(2) of the Federal Rules of Civil Procedure, providing for permissive intervention. The decision to grant or deny a request for permissive intervention is discretionary. *Edmondson v. State of Nebraska, supra*, 383 F.2d at 126. Absent abuse of discretion, the Bankruptcy Judge's decision "as to discretionary matters should be unfettered." *In re Wooding*, 390 F.Supp. 451,

453 (D.Kan.1974); *In re Romano*, 196 F.Supp. 954, 955 (E.D.Tenn.1961).

There is no sound reason for permitting West to intervene. All the issues involved in the show cause hearing concern the effect which the original complaint filed by the Department of Agriculture would have on American Beef. Permitting West to intervene would have unduly delayed the resolution of the show cause hearing and would have injected additional issues regarding the extent of the effect of the bankruptcy stay, complicating the resolution of the primary issues between the original parties. For these reasons, there is sound discretion for denying permissive intervention. *See* F.R.Civ.P. 24; *Pennington v. Missouri Pacific R.R. Co.*, 239 F.2d 332, 335 (8th Cir. 1956).

Moreover, the Court questions the necessity of even deciding this issue. West claims the Bankruptcy Judge decided *sub silentio* to deny permission to intervene. While this may be true, it was made necessary by the manner in which the appellant drafted his motion in attempting to enter into the show cause hearing. As a result of this nebulously drafted motion, the Bankruptcy Judge exercised his discretion and limited his consideration of the motion to the issue of appellant's right to intervene. In light of the circumstances, the Court cannot say that this discretion was abused.

*Mootness*

While the above opinions sufficiently dispose of this appeal, the Court additionally believes that this matter is now moot.

Subsequent to the appellant's filing of his notice of appeal, the motion to show cause was dismissed without prejudice by American Beef. Thus, there is no proceeding in which the appellant can intervene. "Intervention contemplates an existing lawsuit and cannot be permitted to breathe life into a nonexistent suit." *Chavis v. Whitcomb*, 57 F.R.D. 32, 36 (S.D.Ind. 1972); *see also Fuller v. Volk*, 351 F.2d 323, 328 (3rd Cir. 1965) and cases cited therein; *Robertson v. Gallion*, 282 F.Supp. 157, 160

(D.Haw.1968). As the show cause hearing was dismissed by American Beef while the appeal by the appellants was pending, there is no longer a justifiable controversy before this Court. "Where circumstances so change during the pendency of an appeal that no effectual relief can be granted, the court will dismiss the appeal as moot." *Local Joint Executive Board, AFL–CIO v. Hotel Circle, Inc.*, 419 F.Supp. 778, 783 (S.D. Cal.1976). This includes a bankruptcy appeal.

An order has been entered contemporaneously herewith in accordance with this Memorandum Opinion.