Tina **REYNOLDS, et al., Plaintiffs,**

v.

**LaSALLE COUNTY, et al., Defendants.**

**No. 84 C 4394.**

United States District Court, N.D. Illinois, E.D.

April 15, 1985.

Robert E. Masur, Karen L. Grandstrand, Frankel and McKay, Ltd., Chicago, Ill., for plaintiffs.

Edward Diedrich, DeKalb, Ill., for plaintiff Luci Mahar.

John Cassidy, Jr., Andrea R. Waintroob, John Jacoby, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., James A. Lanuti, Gary L. Peterlin, LaSalle County Governmental Center, Ottawa, Ill., for defendants.

David M. Shiffer, Law Offices of William N. Twohey, Ottawa, Ill., for intervenor, LaSalle County Sheriff's Fraternal Order of Police.

## ORDER

BUA, District Judge.

The Petition For Leave To Intervene is GRANTED IN PART as to certain issues.

The LaSalle County Sheriff's Fraternal Order of Police, Lodge No. 167 ("FOP") seeks leave to intervene as a defendant in this case. The case was filed on May 22, 1984, and after extensive settlement negotiations, the case was dismissed as settled between the parties on January 25, 1985. After learning of the terms of the settlement, FOP filed a suit in state court seeking to prevent defendants from implementing a portion of the settlement agreement. On March 1, 1985, this Court granted plaintiffs' motion to reinstate the case. On March 15, 1985, FOP filed this motion to intervene. On April 1, 1985, a consent judgment was entered between plaintiffs and defendants.

■ FOP argues that certain provisions of the Consent Decree which provide that two female officers will be promoted to deputy sheriff will endanger the lives of FOP members and will violate Illinois law. FOP further argues that its concerns for safety and compliance with Illinois law are inadequately represented by defendants' current counsel in this case. Inadequacy of representation, however, will not be presumed. *Kheel v. American Steamship, etc.,* 45 F.R.D. 281, 284 (S.D.N.Y.1968). FOP has failed to establish, and there is

nothing in the record to suggest, that FOP's legitimate interests are not adequately represented in this case. There has been no showing of collusion between plaintiffs and defendants; the interests of defendants and FOP regarding safety and compliance with state law are not adverse; and defendants in this case have clearly not failed in their duty to ensure the public safety while settling plaintiffs claims in this suit. As such, FOP is not entitled to intervention as a matter of right under Rule 24(a). See *U.S. v. Board of School Comm.,* 466 F.2d 573, 575 (7th Cir.1972); *Commonwealth Edison Co. v. Train,* 71 F.R.D. 391, 394 (N.D.Ill.1976).

■ The Court, however, will allow FOP to intervene by permission under Rule 24(b) for the limited purpose of objecting to the promotion of two individuals to deputy sheriff, whom FOP believes will endanger the lives of their members and violate state law. "Where intervention is permissive, the Court may limit the intervention to certain issues or place other conditions upon it." *Armstrong v. O'Connell,* 75 F.R.D. 452, 454 (E.D.Wisc.1977). As in *Mack v. General Electric Co.,* 63 F.R.D. 368 (E.D.Pa.1974), "the union should be given the chance to demonstrate how it believes its rights ... may be impaired [by the promotion of two individuals to deputy sheriff.]" *Id.* at 369. The Court, however, will not allow FOP to dispute any monetary settlements with the plaintiffs or object to any other provisions of the Consent Decree with the exception of Paragraph 3, which provides for the promotion of plaintiffs Reynolds and Hetelle to deputy sheriff.

Finally, FOP is granted leave to file the Answer In Intervention except that FOP's prayer for relief (dismissal of plaintiffs' complaint and recovery of costs) is stricken since FOP's intervention is limited to seeking modification of Paragraph 3 of the Consent Decree.

Enforcement of the Consent Decree as it relates to plaintiffs Rita Hetelle and Tina Reynolds is stayed pending resolution of the issues raised by Intervenor FOP.