In the Matter of Reuben F. LEIMER, d/b/a Leimer Farms and Company, etc., Debtor.

**AETNA LIFE INSURANCE COMPANY, Appellant,**

v.

**Reuben F. LEIMER, Appellee,**

C. Eugene Chamberlain, Intervenor.

No. CV. 83-0-235.

United States District Court, D. Nebraska.

April 16, 1985.

Judith Spindler, Omaha, Neb., for appellant.

Michael W. Heavey, Omaha, Neb., appellee later appeared pro se.

Robert Ginn, Omaha, Neb., for Chamberlain, intervenor.

**1.** This Court originally declined to hear this appeal on the ground that such was an appeal from an interlocutory order of the bankruptcy court. However, the Eighth Circuit Court of Appeals reversed, holding that the appeal was taken from a final order of the bankruptcy court. Accordingly, the appeal was remanded for resolution of the merits. See, *In re Leimer,* 724 F.2d 744 (8th Cir.1984).

## MEMORANDUM OPINION

SCHATZ, District Judge.

This matter is presently before the Court on appeal from a memorandum and order of the United States Bankruptcy Court for the District of Nebraska, denying a motion for relief from the automatic stay filed by appellant, Aetna Life Insurance Company (Filing No. 1).[1] Aetna sought relief from the automatic stay with regard to assets of the Ferdinand and Emelie Leimer Trust (the Trust), against which Aetna held a mortgage and deed of trust. The bankruptcy court, the Honorable David L. Crawford presiding, held that the Trust and debtor's beneficial interest therein where property of debtor's estate under 11 U.S.C. § 541, and therefore protected by the automatic stay of 11 U.S.C. § 362. After careful review of the record submitted on appeal and the brief filed by Aetna,[2] the Court is of the view that the order of the bankruptcy court should be reversed for the reasons hereinafter stated.

The facts are these. On January 12, 1979, Ferdinand and Emelie Leimer established an irrevocable trust, naming debtor-appellee Reuben Leimer and others as beneficiaries. On May 18, 1979, the Trust borrowed $275,000 from Aetna, and the latter secured the note by a deed of trust between the trustee and Aetna. Subsequently, the Trust defaulted under the terms of the note by failing to make payments when due. Aetna commenced procedures to sell the property pursuant to its deed of trust. However, on the date of the proposed sale of the property, Reuben Leimer filed his individual Chapter 11 petition in bankruptcy. Upon filing his petition, Leimer claimed that the automatic stay imposed against his own creditors also

**2.** Debtor-appellee Reuben Leimer has failed to submit a brief on the merits of this appeal, despite an order of the Court to do so. In addition, after the trustee of debtor's estate sought and was granted leave of the Court to intervene herein, he was ordered to submit a brief on the merits of the appeal. However, the trustee has not done so, and the Court thereby considers his intervention to be abandoned.

prevented Aetna from foreclosing on the property of the Trust. On February 2, 1983, Aetna commenced an adversary proceeding to obtain relief from the automatic stay. At the final hearing on Aetna's complaint, the bankruptcy court denied relief, essentially holding that Leimer's beneficial interest in the real estate held by the Trust constituted property of the Leimer estate under 11 U.S.C. § 541.

Thereafter, a timely appeal was filed by Aetna and is now before this Court.

■ Before this Court addresses the merits of the appeal, it is prudent to state the general standard of review that guides the Court in matters such as this. Although on appeal, the bankruptcy judge's findings of fact are generally entitled to stand unless clearly erroneous, where there are presented for consideration mixed questions of law and fact, the clearly erroneous rule is not applicable, *In re American Beef Packers, Inc.*, 457 F.Supp. 313, 314 (D.Neb. 1978), and the bankruptcy judge's decision cannot be approved without this Court's independent determination of the law. *In re Werth*, 443 F.Supp. 738, 739 (D.Kansas 1977), *citing Stafos v. Jarvis*, 477 F.2d 369, 372 (10th Cir.), *cert. denied*, 414 U.S. 944, 94 S.Ct. 930, 38 L.Ed.2d 168 (1973).

With this standard in mind, this Court must now determine whether the bankruptcy court erred in finding that the assets of the Trust and debtor's beneficial interest therein were property of the estate under 11 U.S.C. § 541 and thereby protected by the automatic stay. In this connection, the Bankruptcy Code defines property of a debtor's estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The legislative history behind this definition reflects a Congressional intent that the debtor's estate be as all encompassing as the statutory language indicates.

The scope of this paragraph is broad. It includes all kinds of property, including tangible or intangible property, causes of action ... and all other forms of property specified in Section 70(a) of the Bankruptcy Act.... [I]t includes as property of the estate all property of the debtor, even that needed for a fresh start.

S.Rep. No. 989, 95th Cong., 2d Sess. 5, reprinted in 1978 U.S.Code Cong. & Ad. News 5787, 5868; H.R.Rep. No. 595, 95th Cong., 2d Sess. 5, reprinted in 1978 U.S. Code Cong. & Ad.News 5963, 6323–24.

Despite the broad definition of property of the estate, there are certain limited exceptions stated in Sections 541(b) and (c). Subsection (c) provided at the time relevant herein:

(c)(1) Except as provided in Paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision—

(A) that restricts or conditions transfer of such interest by the debtor; or

(B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or the taking possession by a trustee in a case under this title or a custodian, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

(2) *A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.* (Emphasis added).

The legislative history of § 541(c)(2) indicates that Congress envisioned exempting from "property of the estate" the debtor's interest in a spendthrift trust protected under state law from the reach of his creditors. Specifically, a House Report on this section of the Bankruptcy Code states:

The bill also continues over the exclusion from property of the estate of the debtor's interest in a spendthrift trust to the extent the trust is protected from creditors under applicable state law. The

bankruptcy of the beneficiary should not be permitted to defeat the legitimate expectations of the settlor of the trust.

H.R.Rep.No. 595, 95th Cong., 2d Sess. 5, reprinted in 1978 U.S.Code Cong. & Ad. News 5963, 6136. Courts which have analyzed and interpreted § 541(c)(2) are in solid agreement that a debtor's interest in a valid spendthrift trust is not to be included as property of his bankruptcy estate. *See, In re Graham*, 726 F.2d 1268, 1273 (8th Cir.1984); *Matter of Goff*, 706 F.2d 574, 580–82 (5th Cir.1983); *In re DiPiazza*, 29 B.R. 916, 918–19 (Bkrcy, N.D.Ill.1983); *In re Klayer*, 20 B.R. 270, 272–73 (Bkrcy.W.D. Ken.1981); *In re Kelleher*, 12 B.R. 896, 897 (Bkrcy.M.D.Fla.1981).

■ An examination of Nebraska law reveals that spendthrift trusts are recognized as valid and enforceable against creditors of the beneficiary. *See, e.g., First National Bank of Omaha v. First Cadco Corp.*, 189 Neb. 734, 205 N.W.2d 115 (1973). In this connection, Article VIII of the Ferdinand and Emelie Leimer Trust is a spendthrift provision providing that "the interest of any beneficiary in the principal or income of this trust shall not be subject to assignment, alienation, attachment or claims of creditors, and shall not otherwise, voluntarily or involuntarily, be alienated or encumbered by any such beneficiary." Because these spendthrift restrictions are enforceable under the "applicable nonbankruptcy law" contemplated by 11 U.S.C. § 541(c)(2), i.e., Nebraska law, it follows that neither the assets of the Trust nor debtor's beneficial interest therein should be included as property of the Reuben Leimer bankruptcy estate.

Accordingly, the bankruptcy court erred in finding that the assets of the Trust and debtor's interest therein were property of the estate and that Aetna was not entitled to relief from the automatic stay. Therefore, a separate order is entered herein this date reversing the March 30, 1983, order of the bankruptcy court.