# Martin v. Atkinson, Admr. *et al.*

*Bill in equity to enjoin executions from probate court.*

1. *Administrator occupying antagonistic relations; jurisdiction of probate court.*—When two joint executors have been removed, and one of them is then appointed administrator *de bonis non*, &c., the probate court has no jurisdiction to render a decree in his favor against himself and his co-executor, although minor distributees are represented by a gurdian *ad litem*.

2. *Decree in favor of the "present administrator, &c., when there is none.*—A decree on a settlement of the accounts of an administrator who has resigned, rendered in favor of "the present administrator *de bonis non*, &c.," when there is no such administrator, is void although

the estate is there represented by an administrator *ad litem.*

3. *Injunction against executions at law.*—A court of chancery will not exercise jurisdiction for the purpose of declaring void a judgment or decree rendered by the probate court, which is void on its face, nor will it enjoin executions issued thereon.

APPEAL from Conecuh Chancery Court.
Heard before Hon. J. N. WILLIAMS.
The facts of this case, as far as is necessary to set them out, may be stated as follows: In 1888, John Nored of Conecuh county died, leaving a will appointing his widow, Sarah J. Nored, and Geo. W. Pryor his executors. On 15th Oct. 1888, the probate court of said county, appointed these parties executors, who gave bond with M. W. Kimberly, S. J. Bolling, T. W. Peagle, and Wm. M. Martin, the appellant in this case, as sureties thereon. *On the 28th of January, 1889,* said executors, by an order of the said probate court, were removed from said administration. *On the same day,— 28th January, 1889,—*Geo. W. Pryor,—one of said executors who had been removed from said administration, —was appointed by said court, administrator *de bonis non* with the will annexed, of the said estate, with W. M. Nored, W. W. Wilkerson, H. Z. Wilkerson, O. M. Pryor, Sallie Pryor, Sarah J. Nored and the appellant, Wm. M. Martin, as sureties on his administration bond.

*On the 13th day of January 1891,* said Geo. W. Pryor resigned his administration, *de bonis non,* of said estate.

*On the 16th day of February, 1891,* W. D. Atkinson, the appellee, was appointed administrator *de bonis non* of said estate.

*On the 11th day of March, 1889,* said executors,—who had been removed from their executorship,—made a settlement of their partial administration, the said Geo. W. Pryor, so far as appears, together with his late co-executor, representing the estate and themselves and W. D. Atkinson, as guardian *ad litem* of minor children, representing them, on this settlement. A decree was rendered by said probate court in favor of Geo. W. Pryor, administrator &c., against himself and Sarah J. Nored, late executors, for $6,823.31. The concluding part of the decree is, "It is therefore ordered, adjudged and decreed by the court, that the said Geo. W. Pryor, administrator *de bonis non* of said estate, have and recover of Geo. W. Pryor and Sarah J. Nored, late execu-

[Martin v. Atkinson, Admr. *et al.*]

tors, the sum of six thousand eight hundred and twenty-three and 34-100 dollars, the amount found to be due as above stated, for which execution may issue."

It is averred, that in and by this account current for said settlement, Geo. W. Pryor falsely pretended that said executors had then on hand said sum of $6,-823.34 belonging to said estate; that said sum was charged to and against him, as administrater *de bonis non*, and no execution was ever issued against Sarah J. Nored, who was and is solvent, for the collection of said sum, nor against the said Geo. W. Prior, who was and is insolvent; that at that time said executors, nor either of them, had said sum of money or any part of it on hand, as belonging to said estate; that the charge of the same against said Pryor, as administrator *de bonis non*, was a fraud by him, to relieve said Sarah J. Nored, his mother-in-law, from liability. It is further averred, that after the appointment of said Pryor, as administrator *de bonis non*, he received other large sums of money belonging to said estate.

On the 9th day of February, 1891, the said Geo. W. Pryor, who had resigned his administration of said estate, on the 13th of January preceding, made a settlement in said probate court of his administration.

This decree recites, that notice had been given of the time and nature of said settlement, by publication in strict accordance with law and the orders of the court. W. D. Atkinson, as guardian *ad litem* represented the minor heirs interested in the settlement. It does not appear, that, at this time, there had been any appointment of an administrator of said estate, succeeding said Pryor, for it appears that W. D. Atkinson was afterwards, on the 16th February appointed by said court, as the administrator *de bonis non* of said estate. But, the decree recites, that it "appearing to the court, that prior to this settlement, to-wit, on the 13th day of January, 1891, the said Geo. W. Pryor, administrator *de bonis non*, *cum testamento annexo*, tendered his resignation as administrator; and it further appearing that by reason of said resignation, and its acceptance, the said Geo. W. Pryor, administrator as aforesaid, is interested adversely to said estate, W. D. Atkinson was under and by virtue of section 2283 of the Code of 1886, appointed administrator *ad litem*, and the said W. D. Adkinson having

[Martin v. Atkinson, Admr. *et al.*]

come and consented to act as such administrator *ad litem*, the court proceeds to examine and audit said accounts and vouchers &c.''

On this settlement, a decree was rendered against said Geo. W. Pryor and Sarah J. Nored, the former executors, and the sureties on their bond for $1,300, and one against said Geo. W. Pryor, administrator *de bonis non*, and the sureties on his administration bond for $4,769.75, and purports to be rendered, in each instance, in favor of the present administrator *de bonis non*, for which executions were ordered to issue. Both judgments were rendered in the same decretal order.

The decree contains a recital, that said administrator *de bonis non*, Geo. W. Pryor, without any application for, and obtaining an order of court therefor, and without taking refunding bonds, and when it was not known that there would be a sufficiency of assets to pay the creditors of the estate, paid to the legatees under the will, the sum of $5,159 58, and this sum was ordered charged against him,'' and, to quote the language of the decree, "that he and his bondsmen be liable to this court therefor, or for so much thereof as may be necessary to pay the debts of said estate, and to secure a just and equal division among the legatees, as set forth in the will of said decedent, and that said administrator be not allowed any credit for such money paid to said legatees, until such time in the future when it may be ascertained how much thereof it may be necessary for him and the sureties on his bond to refund, in order to pay said debts; and that neither the administrator *de bonis non cum testamento annexo*, nor the sureties on his bond be finally discharged from their liability to such estate, until the further orders of the court.'' Then follows the two judgments or money decrees referred to above, against the former executors and their sureties, and the administrator *de bonis non*, and his sureties, in favor of "the present administrator *de bonis non cum testamento annexo*.''

There are many other facts stated in the bill unnecessary to set out, for the understanding of the judgment of this court.

Executions were issued on said decrees, from said probate court, the one against "Geo. W. Pryor, Admr. *de bonis non cum testamento annexo*, of the estate of John M.

[Martin v. Atkinson, Admr. *et al.*]

Nored deceased, O. M. Pryor, Willie M. Nored, W. W. Wilkerson, H. Z. Wilkerson, Sallie Pryor, Sarah Nored and W. M. Martin (for the) sum of four thousand seven hundred and sixty-nine 75-100 dollars, which W. D. Atkinson his successor in said administration recovered of them on the 9th day of February A. D. 1891, by the decree of our probate court held for the county of Conecuh &c ;'' and the other, for $1,300 with like recitals, against Geo. W. Pryor and Sarah J. Nored, executors of the estate of John M. Nored, deceased, W. M. Martin, M. W. Wimberly, Samuel J. Bolling and T. W. Peagler &c.''

Th prayer of the bill was, that W. D. Atkinson be enjoined from collecting said executions.

2. For the removal of the administration of said estate into the chancery court, for the ascertainment of the debts and liabilities of said estate.

3. For the discovery and ascertainment of the amounts which the legatees and devisees of J. M. Nored have received from the executors or administrators *de bonis non* of said estate.

4. For the discovery and ascertainment of what each of the legatees of said estate is indebted to it, or to its personal representative, and that they be required to pay into court the sums of money so ascertained.

5. For the discovery and ascertainment of the defaults or devastavits of the executors, and the allowance to them of all equitable and just credits.

6. For the discovery and ascertainment of the default and devastavit of Geo. W. Pryor, as administrator *de bonis non*, and the allowance to him of all equitable and just credits.

7. For a final settlement of the estate of J. M. Nored, and for a payment of the debts, and distribution thereof.

The cause was submitted for decision in vacation on motion of the defendant, W. D. Atkinson, as administrator, to dismiss the bill for want of equity. Said motion was granted, and the court being of opinion, that the bill could not be amended so as to give it equity, dismissed it.

The decree of the chancellor dismissing the bill for want of equity in vacation is error assigned.

J. C. RICHARDSON and GAMBLE & POWELL, for appellant.

[Martin v. Atkinson, Admr. *et al.*]

FARNHAM & CRUM, *contra.*

The decrees of the Probate Court are void on their face. *Ex parte* Lyon, 60 Ala. 650; *Vaughn v. Suggs,* 82 Ala. 357; *Cleese v. Cleese,* 82 Ala. 581.

Such decrees being void on their face, there is no equity in the bill.—*Morgan v. Lehman,* 92 Ala. 440; *Curry v. Peeles,* 83 Ala. 225; Freeman on Judg. 117; *Womack v. Powers,* 50 Ala. 5; *Pettus v. McClannahan,* 52 Ala. 55; *Tyson v. Brown,* 64 Ala. 249.

HARALSON, J.—If the decrees of the probate court, on which executions issued, and which are sought to be enjoined, are void on their face, the decree of the chancellor dismissing the bill for want of equity must be affirmed. All the other questions raised and discussed, if of any merit, are wholly dependent upon this one question.

1. The nullity of the decree in favor of Geo. W. Pryor against himself and Sarah J. Nored, his co-executor, of date 11th March, 1889, seems to be conceded by appellant's counsel. The question is no longer an open one with us. Pryor occupied inconsistent and antagonistic relations, which rendered the decree in his favor against himself and his co-executor entirely void, and its invalidity is not relieved by the fact, that the minor distributees were represented by a guardian *ad litem. Hays v. Cockrell,* 41 Ala. 75; *Tankersly v. Pettis,* 61 Ala. 354; *Alexander v. Alexander,* 70 Ala. 212; *Vaughan v. Suggs,* 82 Ala. 358; *Cleese v. Cleese, Ib.* 581.

2. The decree of the 9th February, 1891, is anomalous. It is in a proceeding to require Geo. W. Pryor, the administrator *de bonis non,* with the will annexed, who had resigned his trust, to settle his accounts. Sarah J. Nored and said Geo. W. Pryor, as the former executors of the will of the deceased testator, were not parties to the proceeding, nor were the sureties on their administration bond, and yet the decree, dual in form, was against all these, for $1,300.—a devastavit alleged to have been committed by said executors while they were in office.

The sureties on the bond of said Geo. W. Pryor, as administrator *de bonis non,* appointed as such, on and after his removal as executor, were not parties to this

[Martin v. Atkinson, Admr. *et al.*]

proceeding in the Probate Court, and, like said executors and their sureties, could not have been, by any known rules of law, and yet a moneyed decree was rendered against them, for $4,769.75. Neither of these decrees were rendered in favor of anybody. They purport to be rendered in favor of ''the present administrator *de bonis non cum testamento annexo*,'' whereas, there was no such administrator in existence, at that time. W. D. Atkinson was not appointed, as is shown, until the 16th day of February, 1891, seven days after the rendition of said decrees.

The decree recites that W. D. Atkinson was, under and by virtue of section 2283 of the Code, appointed administrator *ad litem*, on the settlement. And section 2284 provides, that ''when, in such proceedings, the estate represented by the administrator *ad litem*, is entitled to a decree for the recovery of money, or for the possession of real or personal property, such decree shall be rendered in favor of the administrator *ad litem* for the use of the estate.'' The decree in this case,. however, finds no support in these provisions, and in the fact that an administrator *ad litem* had been appointed, since it was not rendered in favor of such an administrator, as is required by said section 2284 of the Code, but it was rendered in favor of "the present administrator *de bonis non, cum testamento annexo*,'' When, as appears, there was no such administrator in existence at the time, and it was not rendered in the name of any one purporting to be such administrator.

3.   From what has been said, it is plain, that these decrees, from what appears on their face, are void, and no executions ought ever to have issued on them. The primary object of this bill was to have said executions enjoined and quashed. On proper application and showing to the court from which they issued, they would have been quashed, and the decrees on which they issued set aside and held for naught,—their nullity being apparent on their face. A court of chancery will not exercise jurisdiction for the purpose of declaring void a judgment or decree rendered by the probate court, which is void on its face.—*Morgan v. Lehman*, 92 Ala. 440 ; *Carlisle v. Killebrew*, 91 Ala. 351 ; *Glass v. Glass*, 76 Ala. 368 ; *Baker v. Barclift*, Ib. 414.

If these decrees are set aside, the case stands as if no

[Daughdrill Admr. v. Daughdrill *et al.*]

settlement had ever been attempted, and the parties in interest can resort to remedies in the probate or other court, as they may be advised. Certainly under this bill, they can have no showing. Affirmed.