(95 South. 21)

HAGOOD v. GOFF.   (6 Div. 701.)

(Supreme Court of Alabama.   Jan. 11, 1923.)

1. Fraudulent conveyances ⬳74(3)—Fraudulent conveyance impeached by creditors existing or subsequent.

A voluntary conveyance, unaffected by actual fraud, is valid as to subsequent creditors, but actual fraud lays the conveyance open to impeachment by creditors existing or subsequent.

2. Action ⬳15—Any decree a party recovers against himself is void.

The practice of a party appearing on both sides of a case cannot be approved, and any decree a party recovers against himself, though he appears in different capacities, is void.

3. Executors and administrators ⬳438(3) — That administrator suing individually to set aside decedent's fraudulent conveyance, named himself as a defendant in representative capacity not ground of demurrer.

The administrator of one who conveyed his property with intent to hinder and defraud his creditors is not a necessary party defendant to a bill to set the conveyance aside, because he can have no interest in the land, and the decree establishing the debt, which must form the basis of the relief sought, cannot affect him as administrator of the personal assets of the estate in his hands, hence, overruling grantee's demurrer, on the ground that plaintiff, suing individually, named himself as administrator as a defendant, and proceeding as though the administrator were not in the case was not error.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by A. L. Goff against A. L. Goff, as administrator of the estate of J. H. Hagood, deceased, and Roland J. Hagood. From a decree overruling a demurrer to the bill, respondent Roland J. Hagood appeals. Affirmed.

W. T. Edwards, of Birmingham, for appellant.

Counsel insist that the bill was demurrable, for that the deed in question could not have

been a fraud as to the portion of complainant's debt created subsequent to its execution, and that appellee occupies antagonistic relations in the suit, citing 108 Ala. 319, 18 South. 888; 82 Ala. 358, 2 South. 32.

R. Du Pont Thompson and A. Leo Oberdorfer, both of Birmingham, for appellee.

The appellee was an existing creditor in respect to the fraudulent conveyance. 97 Md. 152, 54 Atl. 989, 99 Am. St. Rep. 427. The administrator was not a necessary party; his grantee can set up every defense in the cause, and cannot complain that the interests of the complainant and of the administrator are not adverse. 66 Ala. 559, 41 Am. Rep. 756.

SAYRE, J. Appellee filed his amended bill in this cause, a general creditor's bill, against himself, as administrator of J. H. Hagood, deceased, and Roland J. Hagood, to set aside a conveyance of valuable property, alleged to have been made by deceased to Roland J. Hagood, with intent to hinder, delay, and defraud creditors of deceased. It is averred that the conveyance in question recited a consideration of $100 and a promise by the grantee that, at the death of the grantor, he would furnish tombstones for grantor and his two wives, both deceased. The bill shows that deceased, at the time of the filing of the bill, was indebted to complainant in the sum of $600, $350 of which was incurred prior to the conveyance under attack, the remainder afterwards. It is averred—not in the alternative—that the conveyance was voluntary and that the promise was of grossly less value than the property conveyed. Roland J. Hagood's demurrer to the bill, on grounds to be stated, was overruled, after which he appealed.

[1] 1. The brief for appellant insists in the first place that complainant should not be allowed to maintain his bill for the reason that the debt alleged was contracted in large part after the deed was executed. A voluntary conveyance, unaffected with actual fraud, is valid as to subsequent creditors; but actual fraud, fraud in fact, lays the conveyance open to impeachment by creditors existing or subsequent. Gilliland v. Fenn, 90 Ala. 230, 8 South. 15, 9 L. R. A. 413. We may remark, however, that the different rule suggested in the brief would not destroy the equity of complainant's bill, for he was an existing creditor to the extent of a part of the indebtedness alleged.

[2, 3] 2. The practice of a party appearing on both sides of a cause cannot be approved. Any decree a party recovers against himself, though he appears in different capacities, is void. The decree, as against such party, is a nullity. Martin v. Atkinson, 108 Ala. 314, 18 South. 888, and authorities there cited. But complainant in this cause can, as defendant, have no possible interest in the land his intestate is alleged to have conveyed in fraud of his creditors, and the decree establishing the debt, which must form the basis of the relief sought, can, in no wise, affect him as administrator of the personal assets of the estate in his hands, the personal estate not being bound by such decree, nor entitled to the fruits thereof—this last for the reason that, after creditors are satisfied, the remainder of the fund produced by the decree will go to the alleged fraudulent grantee or those claiming under him. Davis v. Stovall, 185 Ala. 173, 64 South. 586, and authorities there cited.

The court therefore, as for the objection taken by appellant defendant, did not err in proceeding, in effect, as if the so-called defendant administrator were not in the case; that is, in overruling appellant's demurrer to the bill.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.