**CHRISTON v. UNITED STATES et al.**

United States District Court
E. D. Pennsylvania.

Aug. 25, 1947.

Harry R. Kozart, of Philadelphia, Pa., for plaintiff.

Raymond A. White, Jr., of Philadelphia, Pa., for intervening plaintiff.

Krusen, Evans & Shaw, of Philadelphia, Pa., for respondent.

KIRKPATRICK, District Judge.

An employee of the Maritime Ship Cleaning and Maintenance Co., Inc., lost his life in an accident while working on one of the respondent's ships. His administratrix did not accept compensation under the Longshoremen's Act, 33 U.S.C.A. § 901 et seq., from the employer but elected to bring this suit against the respondent, alleging unseaworthiness of the vessel. The United States Casualty Co. as insurance carrier for the employer seeks to in-

tervene as party plaintiff. Since no compensation has been paid under any award it has no rights by assignment or subrogation of the plaintiff's claim, but if the plaintiff should recover less than the compensation which could be awarded she could then call upon the Casualty Co. to pay the difference. Hence, to that extent, it is to the interest of the Casualty Co. to see that the award is as high or higher than its liability. If this were the whole case the insurance carrier could properly be aligned as a party with the plaintiff.

However, the respondent has moved to implead the employer, the Maritime Ship Cleaning and Maintenance Co., on the ground that it is liable over to the respondent for all or a part of whatever damages the respondent may have to pay. The motion to implead seeks recovery by way of contribution or indemnity only. A motion of this kind is not precluded by Sec. 5 of the Longshoremen's Act, 33 U.S.C.A. § 905. American Stevedores, Inc. v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011; Calvino v. Pan-Atlantic S. S. Corporation, D.C., 29 F.Supp. 1022. The motion will be granted.

Now, if the Casualty Company's policy protects Maritime against claims of this nature, the Casualty Company would benefit by keeping the verdict against Maritime down to a figure no higher than the amount of compensation due the plaintiff administratrix under the Longshoremen's Act. It would in any event be liable for the full amount of that compensation. Its interest, to this extent, would be against that of the plaintiff and in accord with that of Maritime and, from this point of view, it should be aligned with the two respondents.

Obviously the Casualty Company may not take a dual position. The only way that it might properly be a party plaintiff would be if Maritime were not impleaded and the suit were to proceed against the United States. As the suit stands, its motion to intervene will be denied.

As to the possibility, apparently feared by the Casualty Company, of a large settlement or verdict being received and a very small amount allotted by the administra-

trix to herself as dependent, in order to recover additional moneys from the Casualty Company under the Longshoremen's Act, there is ample remedy by intervention later in these proceedings or by way of defense in any others which may be brought.