324 So.2d 270

**Mary HUGHES**

v.

**W. G. NEWTON.**

**SC 1323.**

Supreme Court of Alabama.

Nov. 6, 1975.

Rehearing Denied Jan. 9, 1976.

118

Grover S. McLeod, Birmingham, for appellant.

Lyman H. Harris, Birmingham, for appellee.

JONES, Justice.

In the absence of statutory authorization to intervene in a third-party action under Tit. 26, § 312, Code, does the trial judge's order permitting intervention on behalf of the workmen's compensation insurance carrier pursuant to Rule 24, ARCP, constitute an abuse of discretion? Within the narrow factual context giving rise to this pivotal issue, we hold that the overruling of the motion to strike the petition for intervention was reversible error. We reverse and remand.

The essential facts are not in dispute. For personal injury incurred while employed by Mountain Brook Cleaners, a corporation, Mary Hughes was paid $2,-982.56 in workmen's compensation benefits by the employer's insurance carrier, Employer's Casualty Company. She then filed a third-party action against W. G. Newton, the principal executive officer of Mountain Brook Cleaners, claiming negligent operation of defective machinery.

Employer's, who was also Newton's liability insurance carrier, petitioned to intervene as a party plaintiff.

The employee-plaintiff moved to strike the intervention on the ground that, absent statutory authority, the granting of intervention constituted an abuse of discretion in that Employer's should not be permitted to sit on both sides of the counsel table. Central to this argument is the proposition that a party cannot sue himself. *Hagood v. Goff,* 208 Ala. 642, 95 So. 21 (1923).

Employer's contention is basically two-fold:

1. The 1947 amendment of § 312, eliminating the express right to intervene, did not have the effect of proscribing intervention.

2. Rule 24, ARCP, either permits intervention as a matter of right or vests in the trial court wide discretion in allowing intervention which has not here been abused.

As to the first contention, we agree that the 1947 amendment does not have the legal effect of prohibiting intervention; rather, § 312, as amended, expressly retaining the right of reimbursement and omitting any reference to intervention, merely recognizes that the right to be reimbursed is not dependent upon the right of intervention.

Since the compensation carrier's right to intervene is neither statutorily authorized, nor statutorily prohibited, we look now to Rule 24.

Rule 24(a)(2)—Intervention of Right—permits a party to intervene "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Rule 24(b)(2)—Permissive Intervention —permits a party to intervene "when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

We believe there is a narrow field of operation under these two subsections of Rule 24 for discretionary permission to intervene in third party actions under § 312. Therefore, we shall return momentarily to a discussion of the guidelines for the exercise of this discretion applicable to the ordinary case.

■ The extraordinary facts of the present case, however, constrain us to hold that there is no field of operation for the discretionary allowance of intervention where the insurance company, as here, represents the third party defendant and is also seeking, through intervention, status as a party plaintiff. Such a patent conflict of interest exists as to bar the right of unencumbered intervention. The potential for collusion is so inherent as to preclude a showing to the contrary within the spirit of Rule 24.

The appellee relies on *Varney v. Taylor*, 71 N.M. 444, 379 P.2d 84 (1963), where the New Mexico Supreme Court reversed a lower court's decision denying intervention in a workmen's compensation case to an insurance company situated exactly as Employer's Casualty is here. The reason given by the New Mexico Court was that under the New Mexico Workmen's Compensation Act, the insurance company would forfeit its right to reimbursement if it were not made a party plaintiff. Even in that case, the Court limited the right of intervention by holding that "the intervention itself should not be made final until the main cause is ready for judgment, and, in the interim, that the insurance company is precluded from participating as a party plaintiff."

Such a result (i. e., limited or encumbered intervention precluding participation as a party plaintiff) would have been proper in this case. Under present Alabama law, however, there is no compelling reason to allow the insurance company to intervene in order to be subrogated to the employee's claim; and when, as in this case, it also insures the third party, unencumbered intervention should be denied. A similar result has been reached by several federal courts facing this problem. *Gutowitz v. Pennsylvania R. Co.*, 7 F.R.D. 147 (E.D.Pa.1946); *Christon v. United States*, 8 F.R.D. 327 (E.D.Pa.1947); *Greene v. Verven*, 203 F.Supp. 607 (D. Conn.1962).[1]

■ After disposing of the narrow issue involved here, we now return to a discussion of the guidelines for allowing intervention in the ordinary workmen's compensation case brought under Tit. 26, § 312. Workmen's compensation cases are unlike the normal Rule 24 situation. Ordinarily, Rule 24 anticipates potential future litigation brought by or involving the intervenor. The purpose of allowing intervention in such cases is to discourage multiplicity of litigation and to relieve the intervenor from the possible prejudice of "stare decisis in later litigation involving the same questions of law and fact to which the unsuccessful applicant for intervention is finally a party." Committee Comments, ARCP, Rule 24. In the ordinary case, Rule 24 is to be liberally construed to allow intervention. See *Atlantis Development Corp. v. United States*, 379 F.2d 818 (5th Cir. 1967).

1. See also *Fidelity & Casualty Co. of New York v. Bedingfield*, 60 So.2d 489 (Fla.1952) and *Harrison v. Ford Motor Co.*, 370 Mich. 683, 122 N.W.2d 680 (1963).

In the § 312 situation, however, no future litigation is contemplated.[2] The compensation carrier will be reimbursed from the employee's judgment, if any, whether or not it intervenes. Since the employee is seeking exactly the same recovery as the insurer, the usual case will be resolved by the final clause of Rule 24(a)(2), ". . . the applicant's interest is adequately represented by existing parties."

Thus, in the § 312 case, the motives for liberally allowing intervention are absent and the right to intervene by the compensation carrier should be more restricted than in other Rule 24 cases. Before intervention should be allowed over the objection of the plaintiff in a § 312 third party action, the applicant must meet a burden of showing to the satisfaction of the trial court that he can make a substantial contribution toward a favorable outcome of the plaintiff-employee's case.

A mere showing that the applicant is the employer or his compensation carrier and the extent of its right of reimbursement is insufficient to meet this burden. If, on the other hand, the applicant can demonstrate active participation in the preparation of the third party action; that it has in its possession significant information or data essential to the prosecution of the third party suit; or that the employee-plaintiff is inadequately represented or otherwise less likely to succeed in his effort to effect recovery without the intervenor's active participation; then, in such event unencumbered intervention (i. e., full participation in the litigation) should be allowed.

This is not to say that a petition to intervene in a § 312 third party suit, over objection and absent such showing, cannot be granted conditionally in order that the intervention be made final at the time of judgment to protect the intervenor's right of reimbursement. Likewise, nothing in this opinion is to be construed as preventing the interested parties from effecting reimbursement by agreement with or without active intervention. Moreover, we call attention to the fact that a nonparty can be protected by judgment under Rule 71, ARCP.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, MADDOX and SHORES, JJ., concur.

2. The employer or the insurance carrier is permitted by § 312 to bring suit only in the event the employee does not file suit against the third party within the time allowed by law. See *Liberty Mutual Insurance Co. v. Lockwood Green Engineering, Inc.*, 273 Ala. 403, 140 So.2d 821 (1962).