Defendants, a partnership and the general contractor on a job at Ft. Rucker, Alabama, appeal from a denial of their motion for a new trial and judgment rendered in accordance with a $25,000 jury verdict for plaintiff, the employee of a subcontractor.
On this appeal, there are two issues. The first issue is whether the defendants are precluded from qualifying the jury and commenting on the status of United States Fidelity and Guaranty Company as a party plaintiff, when USFG is both the workmen's compensation carrier for the injured plaintiff's employer and the liability carrier for the defendant. Thesecond issue is whether the plaintiff, in an action brought pursuant to Title 26, Section 312 of the Code of Alabama of 1940 (Recomp. 1958) [now § 25-5-11 Code 1975], can recover his medical expenses against the alleged tortfeasor. We answer both issues in the affirmative and we affirm. *Page 520 
On May 28, 1972, plaintiff was injured as a result of a fall from a ceiling slab twelve to eighteen feet above the floor while he was painting a portion of a hanger wall. On April 30, 1973, plaintiff commenced this action in the Circuit Court of Dale County, Alabama, alleging that defendants, as general contractor of the construction job, failed to construct a guard rail on a concrete ramp, thus creating an unsafe place to work, and as a proximate result of such failure, plaintiff, an employee of the painting subcontractor, was injured.
On April 27, 1974, USFG was joined as a real party in interest, as subrogee of plaintiff's workmen's compensation benefits, pursuant to Rule 17 (a) of the Alabama Rules of Civil Procedure. USFG also was the liability insurance carrier. On August 29, 1977, this cause was tried before a jury and resulted in a judgment in favor of the plaintiff and against the defendant in the sum of $25,000. Thereafter, the defendants' motion for a new trial was denied by the trial court, and defendants appealed.
In Hughes v. Newton, 295 Ala. 117, 324 So.2d 270 (1976), this Court held that where the same insurance carrier has the liability coverage and the workmen's compensation coverage, "unencumbered" intervention under Rule 24, ARCP, should not be allowed unless the carrier on an application for intervention can demonstrate
 ". . . that it has in its possession significant information or data essential to the prosecution of the third party suit; or that the employee-plaintiff is inadequately represented or otherwise less likely to succeed in his effort to effect recovery without the intervenor's active participation. . . ."
This Court, in Hughes, held that the carrier was not entitled to intervene as a third party plaintiff in the third party action in view of the patent conflict of interest and the inherent potential for collusion. We further stated, however, that limited or encumbered intervention precluding active participation as a party plaintiff would have been proper. In the instant case, there was no "unencumbered" intervention; USFG did not participate in the trial. In fact the attorney for USFG as party plaintiff declined to participate in the trial after the company was joined as a real party in interest under ARCP, Rule 17 (a) for reasons set forth in the Hughes
decision. Also, the intervention was not made final until the time of judgment. Thus, the conflict of interest issue which the Hughes decision was concerned with, is not present here.
Defendants contend, as their first issue, that the trial court erred when it informed the parties in its amended pretrial order that both parties were precluded from commenting as to the existence of USFG as a party plaintiff while at the same time permitting the jury to be qualified as to USFG as the insuror of the defendant.
We have held on numerous occasions that plaintiff is entitled, upon seasonable and proper motion, to have the jurors qualified as to their relation to, or interest in, any insurance company which would be liable, in whole or in part, for any judgment that might be entered against the defendant.Gwin v. Church, 272 Ala. 674, 133 So.2d 880 (1961); Citizen'sL.H. P. Co. v. Lee, 182 Ala. 561, 62 So. 199 (1913). Such qualification in the past has not been treated as an insertion of insurance into the trial of a case.
However, to qualify the jury and allow comment on the status of USFG as a party plaintiff, as defendants contend, would result in the sort of "unencumbered" intervention disapproved in Hughes and gives the appearance to the jury that the only insurance involved in the suit is that which the plaintiff has already received and is now attempting to recover again from the defendants.[1] To allow such qualification and comment would unnecessarily inject the issue of compensation insurance *Page 521 
into the case. Thus, courts have held that any showing that the plaintiff has received insurance benefits for his injuries is prejudicial to his case and should not be admitted. Eichel v.New York Central R. Co., 375 U.S. 253, 84 S.Ct. 316,11 L.Ed.2d 307 (1963); Vest v. Gay, 275 Ala. 286, 154 So.2d 297 (1963);Coleman v. Hamilton Storage Co., 235 Ala. 553, 180 So. 553
(1938). The trial judge correctly ruled on this issue in the pretrial orders.
With respect to the second issue, defendants contend that plaintiff cannot recover medical expenses in a third party action brought pursuant to Tit. 26, § 312 of the Code of Alabama of 1940 (Recomp. 1958) [§ 25-5-11 Code 1975] on the grounds that plaintiff did not pay or become obligated to pay the medical bills. Defendants assign as error the trial court's ruling in its amended pretrial order that the defendants' attorney would not be permitted to cross-examine plaintiff as to whether he paid or became obligated to pay the medical bills for which he sought compensation in damages. Defendants also contend that the trial court erred in allowing plaintiff to recover damages for medical expenses in the absence of evidence that plaintiff had paid or become obligated to pay such medical expenses.
The trial court's amended pretrial order ruled that the plaintiff's medical expenses "are provable and recoverable" and plaintiff is "legally liable for the payment thereof" and that defendants "are precluded from proving" that USFG, the workmen's compensation insurance carrier, provided coverage for the expenses and in fact paid them. We think the trial judge ruled correctly.
This Court adheres to the general common-law concept of damages, that damages are compensatory in nature and as such provide recovery to the injured party for the injury sustained and nothing more. The general rule is that damages are unrecoverable where the plaintiff has not paid or is not liable for such items. Alabama Farm Bur. Mut. Cas. Ins. Co., Inc. v.Smelley, 295 Ala. 346, 329 So.2d 544 (1976); Jones v. Keith,223 Ala. 36, 134 So. 630 (1931).
Defendants rely on these authorities and Tit. 26, § 293, of the 1940 Alabama Code [§ 25-5-77 Code 1975] which places the liability upon the employer for the payment of medical expenses, for the proposition that the employee cannot recover his medical expenses in an action against the third party tortfeasor.
The Alabama Legislature in Tit. 26, (Chapter 5, Article 2) § 312, of the 1940 Code has created a statutory scheme enabling the injured employee to accept compensation from his employer and at the same time proceed against the third party. As a part of this statutory scheme, the legislature has subrogated the employer to the employee's recovery, if any, to the extent of the "compensation" paid by the employer.
Section 312 further provides that in the action against the third party tortfeasor ". . . the amount of such damages shall be ascertained and determined without regard to article 2 of this chapter. . . ." We think the legislative intent as expressed in the statute means that if plaintiff is denied the right to recover medical expenses this would result in a determination of damages with reference to "article 2 of this chapter" when this is clearly prohibited by the express wording of § 312. In following the language of the statute and thus, in determining damages without regard to Article 2 of Chapter 5 ("Elective Compensation") of Tit. 26, the trial judge ruled correctly. Furthermore, in Coleman v. Hamilton Storage Co.,235 Ala. 553, 180 So. 553 (1938), this Court held that the liability of the employer or his insurance carrier is in no sense a defense against liability of such third person, either as to the right to recover, or the quantum of the recovery. Therefore, we hold plaintiff can recover his medical expenses and that the trial court committed no error in its amended pretrial order.
To hold otherwise would mean that the plaintiff in a third party action could not recover for lost wages to the extent *Page 522 
compensated by insurance which is clearly inconsistent with the language in the statute. Moreover, to disallow recovery for medical expenses would be inconsistent with the "collateral source" rule which, in general, states that benefits received by a plaintiff from a source wholly independent of and collateral to the wrongdoer will not diminish the damages otherwise recoverable from the wrongdoer. 22 Am.Jur.2d, Damages
§ 206 (1965). The courts of this state have held many times that what has occurred between insuror and insured is of no concern to the defendant — that the sum received from insurance cannot be shown in mitigation of damages for the injury.[2] Alabama Farm Bur. Mut. Cas. Ins. Co., Inc. v. Smelley, supra; Vest v. Gay, supra; Sturdivant v. Crawford, 240 Ala. 383,199 So. 537 (1941); Allen v. Zickos, 37 Ala. App. 361,68 So.2d 841 (1953). Our holding is in harmony with these decisions.
We recognize the argument of defendants that the plaintiff under the "collateral source" rule receives a so-called "windfall" in Alabama since the word "compensation" under the statute does not include medical expenses for which the compensation carrier can be reimbursed out of a recovery paid by a third party tortfeasor. Liberty Mutual Insurance Co. v.Manasco, 271 Ala. 124, 123 So.2d 527 (1960). While it may be argued that such a result is inconsistent with the general objective of workmen's compensation, which is to compensate the injured employee only for his out-of-pocket expenses, it is not for us to judge the wisdom of the meaning given by the legislature to the word "compensation" in the statute. Certainly, if there must be a windfall it is more just that the injured party profit therefrom, rather than relieving the wrongdoer of his full responsibility for his wrongdoing.
Defendants finally contend that introducing the hospital and medical bills into evidence with the name of the insurance company who paid the bills deleted was error. As stated previously, we follow the rule that any showing that the plaintiff had received insurance benefits for his injuries is prejudicial to his case and should not be admitted. Vest v.Gay, supra; Allen v. Zickos, supra.
For the foregoing reasons, therefore, this cause is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.
 On Rehearing
OPINION CORRECTED. APPLICATION FOR REHEARING OVERRULED.
TORBERT, C.J., and BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.
[1] If two different insurance companies were involved in this case, the defendant, of course, would be entitled to qualify the jury as to the existence of the plaintiff-employer's compensation carrier.
[2] To clear up any confusion as to whether we follow the "collateral source" rule in Alabama, this rule is followed in this state. See footnote 1 in Alabama Farm Bur. Mut. Cas. Ins.Co., Inc. v. Smelley, supra. See also Gribble v. Cox,349 So.2d 1141 (Ala. 1977).