Johnny L. SOUTHERN,
Plaintiff-Appellant,

Liberty Mutual Insurance Company,
Intervenor-Appellee,

v.

PLUMB TOOLS, A DIVISION OF
O'AMES CORPORATION,
Defendant-Appellee.

No. 81–7103.

United States Court of Appeals,
Eleventh Circuit.

Feb. 3, 1983.

Francis H. Hare, Jr., P.C., Birmingham, Ala., for plaintiff-appellant.

Sadler, Sadler, Sullivan, Sharp & Stutts, Eugene P. Stutts, Birmingham, Ala., for defendant-appellee.

B. Boozer Downs, Jr., Davies, Williams & Wallace, Birmingham, Ala., for Liberty Mut. Ins.

Before RONEY and KRAVITCH, Circuit Judges, and PITTMAN *, District Judge.

PER CURIAM:

This case involves a suit against a third-party tortfeasor by an employee injured on the job. On appeal we hold that the district court erred, under Alabama law, by refusing to limit the participation at trial of the intervening workmen's compensation carrier and by allowing the jury to learn that the employee had received workmen's compensation benefits, and that such was not harmless error.

* Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama, sitting by designation.

The appellant, Johnny L. Southern, was injured on his job as a carpenter when a shard of metal flew off a hammer and blinded him in his right eye. His employer's workmen's compensation carrier, Liberty Mutual Insurance Company, paid him $17,100 in disability benefits. *See Ala.Code* § 25–5–11 (1975). Southern then brought this third-party action for negligence against Plumb Tools, the manufacturer of the hammer. Liberty Mutual was the liability carrier for defendant Plumb, in addition to being the compensation carrier for plaintiff's employer. Liberty Mutual, as the workmen's compensation carrier, filed a motion to intervene as a party-plaintiff to assert its right of subrogation. Over Southern's objections, the district court granted the motion and refused to impose any conditions on Liberty Mutual's intervention.

Liberty Mutual's role as intervening plaintiff consisted of describing its payment of benefits to Southern on his employer's behalf and its entitlement to reimbursement should he recover at trial. The case was tried before a jury, which returned a defendant's verdict for Plumb.

■ Alabama law precludes the introduction of evidence that a plaintiff in such a case has received workmen's compensation benefits. *Coleman v. Hamilton Storage Co.*, 235 Ala. 553, 180 So. 553 (1938). It also requires conditions to be imposed on an intervening insurance company's participation at trial, particularly when the same company has the defendant's liability coverage and is the workmen's compensation carrier for the plaintiff's employer, unless the carrier can meet certain narrow conditions. *Hughes v. Newton*, 295 Ala. 117, 324 So.2d 270 (1976). *Accord Jones v. Crawford*, 361 So.2d 518, 520 (Ala.1978). The question here is whether it was reversible error for a federal trial court not to give effect to these state rules.

Although the parties dispute whether intervention of right or permissive was appropriate under Fed.R.Civ.P. 24, we need not decide that question since we conclude that conditions can be imposed even when a party intervenes as a matter of right under Rule 24(a)(2). There was no evidence of collusion in this case which might have been sufficient grounds for totally denying intervention by Liberty Mutual as intervening plaintiff when it was the defendant's liability carrier.

Rule 24(a) of the Federal Rules of Civil Procedure itself does not mention conditions or restrictions. The Advisory Committee Note to the 1966 Amendment of Rule 24(a), however, provides: "An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." There apparently were no decided cases which provided authority for this assertion. Even so, several courts have followed its lead and imposed restrictions on an intervenor of right. 7A C. Wright & A. Miller, *Federal Practice and Procedure*, § 1922 at 624–25 (1972); *cf. McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1073 n. 7 (5th Cir.1970) (appellate court acquiesced in condition imposed by district court on post-judgment intervention of right). *See also Harris v. General Coach Works*, 37 F.R.D. 343 (E.D.Mich.1964) (pre-amendment and only case clearly showing imposition of restrictions on intervenor of right).

Discretion under Rule 24(b) to grant or deny intervention *in toto* necessarily implies the power to condition intervention upon certain particulars. 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1922 at 623 (1972). Indeed, several courts have so conditioned their grant. *See Van Hoomissen v. Xerox Corp.*, 497 F.2d 180 (9th Cir.1974); *Associated General Contractors v. Secretary of Commerce*, 459 F.Supp. 766 (C.D.Cal.1978), *vacated and remanded on other grounds*, 448 U.S. 908, 100 S.Ct. 3053, 65 L.Ed.2d 1138 (1980); *Armstrong v. O'Connell*, 75 F.R.D. 452 (E.D.Wis.1977), *vacated and remanded mem.*, 566 F.2d 1175 (7th Cir.1977); *NOW, Inc. v. Minnesota Mining & Manufacturing Co.*, 73 F.R.D. 467 (D.Minn.1977). The Second Circuit, in *Ionian Shipping Co. v. British Law Insurance Co.*, 426 F.2d 186, 191–92 (2nd Cir.1970), has

gone so far as to engraft the Advisory Committee Note, *supra,* onto Rule 24(b) in some situations. It appears, therefore, that imposing certain conditions on either type of intervention, of right or permissive, poses no problem in the federal courts.

 Imposing the conditions plaintiff sought in this case would have been an appropriate method of keeping evidence of the payment of workmen's compensation benefits from the jury. The liability of the employer or its insurance company, is not a defense against the liability of a third-party tortfeasor. *Jones v. Crawford,* 361 So.2d at 521; *Coleman v. Hamilton Storage Co.,* 235 Ala. at 557, 180 So. at 557, nor is the amount of compensation of any concern to the jury. Alabama strictly adheres to the collateral source rule with respect to insurance payments and workmen's compensation benefits, and *any* showing that plaintiff has received such payments constitutes reversible error. *Jones v. Crawford,* 361 So.2d 518 (Ala.1978); *Gribble v. Cox,* 349 So.2d 1141 (Ala.1977); *Vest v. Gay,* 275 Ala. 286, 154 So.2d 297 (1963); *Coleman v. Hamilton Storage Co.,* 235 Ala. 553, 180 So. 553 (1938). Under the "collateral source rule," compensation for injuries from a source wholly independent of the tortfeasor is not deducted from the damages recovered against the tortfeasor. 22 Am.Jur.2d *Damages* § 206 (1965). For a discussion of the collateral source doctrine as applied to workmen's compensation benefits, see *Gypsum Carrier, Inc. v. Handelsman,* 307 F.2d 525, 533–37 (9th Cir.1962); *Annot. Collateral Source Rule: Injured Person's Receipt of Statutory Disability Unemployment Benefits as Affecting Recovery Against Tortfeasor,* 4 A.L.R.3d 535 (1965); 22 Am.Jur.2d *Damages* § 209 (1965).

 These rules of state substantive law must be applied by federal courts in diversity cases. *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Even in the ordinary case, a procedural rule permitting an intervenor or defendant to show the plaintiff has received workmen's compensation benefits from his employer would undermine the substantive collateral source doctrine because such evidence is considered unquestionably prejudicial to the plaintiff's case. *Eichel v. New York Central Railroad,* 375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307 (1963) (prejudicial to plaintiff in suit brought under Federal Employer's Liability Act to admit evidence he received disability payments under Railroad Retirement Act); *Tipton v. Socony Mobil Oil Co.,* 375 U.S. 34, 84 S.Ct. 1, 11 L.Ed.2d 4 (1963) (reversible error to admit evidence of benefits paid under Longshoremen's and Harbor Worker's Compensation Act in suit brought under Jones Act).

We can identify no strong federal interest requiring us to uphold a procedural ruling that severely undermines Alabama's substantive law, *see Byrd v. Blue Ridge Electrical Cooperative, Inc.,* 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958), particularly since federal courts also have vigorously applied the collateral source rule to prohibit evidence regarding payment of workmen's compensation benefits. *Eichel v. New York Central Railroad* and *Tipton v. Socony Mobil Oil Co., supra; American Fidelity & Casualty Co. v. Drexler,* 220 F.2d 930 (5th Cir.1955); *Altenbaumer v. Lion Oil Co.,* 186 F.2d 35 (5th Cir.1950), *cert. denied,* 341 U.S. 914, 71 S.Ct. 734, 95 L.Ed. 1350 (1951). The former Fifth Circuit has noted that "nothing in the Federal Rules of Evidence authorizes departure from the [collateral source] rule." *Bourque v. Diamond M. Drilling Co.,* 623 F.2d 351 n. 1 (5th Cir.1980) (quoting *Riddle v. Exxon Transportation Co.,* 563 F.2d 1103, 1107 (4th Cir.1977)).

We have considered whether the judgment should be affirmed on the ground that the error was harmless because the evidence would normally effect a decision on damages and should not be of concern as to liability. We reject this notion, however, and decide the judgment must be reversed for the following reasons.

First, we note the Supreme Court in *Tipton v. Socony Mobil Oil Co.* concluded that the prejudice would not be limited to the issue of damages and could infect the determination of liability. 375 U.S. at 34 & n. 2, 84 S.Ct. at 2 & n. 2.

Second, although the error essentially was an evidentiary one and federal rather than state rules of evidence generally apply in diversity cases, the admission of the evidence resulted from the failure to properly apply Alabama law. It would seem, therefore, that we should look to that state's law to determine whether the error was harmless. Plumb argues that the jury found in its favor on the liability issue and the evidence should not affect the decision on liability. The Alabama Supreme Court, however, has held the error reversible in trials like this one in which the jury found the defendant not liable and did not reach the damages issue. *Coleman v. Hamilton Storage Co.,* 235 Ala. 553, 180 So. 553 (1938). The Alabama court reasoned that the evidence sheds no light on the issues and its only effect was to divert the jury's mind from resolving those disputed points. 235 Ala. at 557, 180 So. at 557.

Third, the Alabama court disapproves of unencumbered intervention when the insurance company occupies the dual role we see here because it gives the jury the impression that plaintiff has already been compensated and is now attempting to recover again from defendants. *Jones v. Crawford,* 361 So.2d at 520. That is precisely what occurred in this case. The district court allowed evidence that Liberty Mutual had paid Southern $17,100. Counsel for Liberty Mutual told the jury this money would be paid back first if they returned a verdict for the plaintiff, and the district court so instructed the jury. This was particularly prejudicial since the defendant sought to disprove its own liability by showing negligence on the part of the plaintiff's employer. In effect, the jury was told that a verdict for the plaintiff would enure to the benefit of the employer, whom the defendant vigorously contended was negligent. In this case, the employer's carrier rather than the employer itself would be entitled to

reimbursement since it paid the benefits to plaintiff. The employer would benefit indirectly by not having its premiums increased.

Fourth, counsel for Plumb told the jury that even if Southern lost his case he would be compensated for his injury since he could keep the workmen's compensation payments. This is the precise line of reasoning which made the information prejudicial, particularly when the issue of liability was close.

Fifth, the appellee has cited no Alabama case, nor has our research revealed any, which holds that it might be harmless to erroneously admit such evidence. We have seen no Alabama opinions that have even considered that it could be harmless, and it is apparent that an Alabama reviewing court would not hold it to be so. The plaintiff was entitled to the benefit of Alabama law in this case, a benefit he would have received had the case not been removed to federal court on defendant's motion.

Finally, the district court gave no limiting instruction that the jury was not to consider, in deciding liability, that the plaintiff had received compensation. We cannot conclude that the evidence did not influence an uninstructed jury.

Southern has carried his burden to establish that the error affected his substantial rights. 28 U.S.C.A. § 2111; Fed.R.Civ.P. 61. Appellee has failed to show the error had no prejudicial effect.[1]

**REVERSED AND REMANDED FOR A NEW TRIAL.**

---

1. After final preparation of this opinion and just prior to its being forwarded to the clerk for publication, counsel for appellant called to our attention the recent opinion in *Moring v. State Farm Mutual Automobile Insurance Co.,* 17 Ala.Bar Rep. 400, 426 So.2d 810 (Ala. December 10, 1982). In that case the Alabama Supreme Court held there is no right of subrogation when a defendant tortfeasor is insured by the same company as the plaintiff. On remand, the district court shall consider the effect of this and any other recently decided state cases which may bear on Liberty Mutual's right to continued intervention in the instant case.