ADAMS, Justice.
This is an appeal by Donna Harper (Harper) from a judgment of the Circuit Court of Covington County entered on a jury verdict rendered in favor of defendant GFA Transportation Company (GFA) on a suit seeking damages for personal injuries.
Harper presents three issues for our review.
1. Did the trial court err in charging the jury on subsequent contributory negligence?
2. Did the trial court err in allowing the defense counsel to argue in final summation that defendant Jackson was being sued individually when the defendant had failed to inform the plaintiff of the existence or non-existence of liability insurance?
3. Did the trial court err in qualifying the jury as to an insurance carrier?
We answer these questions in the negative and affirm the judgment of the trial court.
The facts are as follows.
On July 6, 1979, James H. Jackson (Jackson), an employee of GFA, was involved in an automobile accident with Harper. Jackson, driving a tractor trailer rig for GFA, was traveling eastbound on U.S. Highway 84 west of Opp, Alabama. Harper, driving a Pinto, was traveling westbound and had slowed to make a left turn. Harper began making the left turn, at which time the collision occurred. Harper testified that she first saw the tractor trailer rig when she was about four feet from it. Jackson testified that Harper began her left turn when she was only eight to ten feet away from him. Jackson further testified that he picked up his foot to apply the brake, but did not have time to react.
In July 1980, Harper filed a complaint, subsequently amended, against GFA and Jackson alleging that Jackson negligently caused or allowed the tractor trailer rig to collide with the automobile driven by Harper. Harper sought $62,000.00 in damages as a result of injuries sustained in the accident. On August 28, 1980, GFA filed its answer denying the material allegations of the complaint and alleging contributory negligence as an affirmative defense. Subsequently, the trial court entered a pre-trial order which limited the issues to negligence and limited the parties to Harper and GFA. The case was tried before a jury, which rendered a verdict for GFA. The trial court entered judgment accordingly, and *1236 Harper appealed after her motion for a new trial was denied.
First, Harper argues that the trial court erred in charging the jury on subsequent contributory negligence. Harper’s objection to the above claimed error is incorporated in the following statement made at trial:
MR. PRESTWOOD: The Plaintiff excepts to the Court’s oral charge where he referred to subsequent contributory negligence and we make this exception on the grounds that there was as far as the pleadings were concerned, a gratuitous commitment—
However, Rule 51, ARCP provides:
No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. (Emphasis added.)
Here, Harper objected to the charge pertaining to subsequent contributory negligence, but she did not state the grounds for her objection with sufficient clarity or specificity to preserve, the error, if any. Therefore, Harper is precluded from raising this error, if any, as cause for reversal on appeal. See Nelms v. Allied Mills Co., 387 So.2d 152 (Ala.1980), and City of Birmingham v. Wright, 379 So.2d 1264 (Ala.1980).
Secondly, Harper contends that the trial court erred in allowing the defense counsel to argue in closing that defendant Jackson was being sued individually. Harper submits that this was improper and prejudicial since GFA had not informed her of the existence or non-existence of liability insurance. Although Harper asserted this alleged statement as a ground for a new trial, the record does not show that Harper objected to the statement or that the statement was ever made in the closing argument. As a general rule, the trial court cannot be put in error for allowing allegedly improper statements unless there is an objection to such statements. Pinckard v. Dunnavant, 281 Ala. 533, 206 So.2d 340 (1968), and Geer Brothers, Inc. v. Walker, 416 So.2d 1045 (Ala.Civ.App.1982). Since Harper made no objection to the alleged statements made by GFA’s counsel, we will not consider them.
Finally, Harper argues that the trial court erred in failing to qualify the jury as to an insurance carrier. Harper cites City of Fairhope v. Raddcliffe, 48 Ala.App. 224, 263 So.2d 682, (1972), as authority for this argument. However, City of Fairhope v. Raddcliffe is distinguishable from the facts of this case. In City of Fairhope v. Raddcliffe, the plaintiff requested the defendant to identify the insurance company prior to asking qualifying questions to the jury. In this case, it was after the jury had rendered its verdict that Harper, at a hearing on her motion for a new trial, requested GFA to identify the insurance carrier. In Jones v. Crawford, 361 So.2d 518 (Ala.1978), this court stated:
[Pjlaintiff is entitled, upon seasonable and proper motion, to have the jurors qualified as to their relation to, or interest in, any insurance company which would be liable, in whole or in part, for any judgment that might be entered against the defendant. Gwin v. Church, 272 Ala. 674, 133 So.2d 880 (1961); Citizen’s L.H. & P. Co. v. Lee, 182 Ala. 561, 62 So. 199 (1913).
361 So.2d at 520.
We opine that Harper’s request that GFA identify the insurance carrier at a hearing on a motion for a new trial was not “seasonable and proper” as dictated by Jones v. Crawford, supra.
For the reasons stated herein, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and EMBRY, JJ., concur.