INGRAM, Judge.
This appeal is from the trial court’s denial of Blue Cross and Blue Shield of Alabama’s (Blue Cross) motion to intervene.
The facts, in pertinent part, are as follows: In December 1985, Mills/employee (Mills) sought medical treatment for coronary artherosclerosis and related physical problems. At this time, Mills had group hospital and major medical coverage with Blue Cross.
Mills submitted his claims, then totaling approximately $13,000 to Blue Cross, at which time Blue Cross paid Mills’s claim.
In December 1986, Mills filed an action against his employer, Plastic Containers, Inc. (Plastic), pursuant to the workmen’s compensation act of Alabama. He alleged that his coronary artherosclerosis was work related and that he was entitled to workmen’s compensation benefits.
At that time, Blue Cross moved to intervene. Blue Cross contended that, if the condition was compensable under the workmen’s compensation statute, then it (Blue Cross) was entitled to reimbursement of the benefits previously paid to, or on behalf of, Mills. As noted above, the trial court denied Blue Cross’s motion and thus this appeal.
At the outset, we note that, after Blue Cross appealed the trial court’s denial of its motion to intervene, the trial court approved a settlement agreement between Mills and Plastic in the case. We also note *597 that the trial court’s case action summary entry, “Case announced settled[,] order forthcoming,” is dated July 27, 1987, which was in advance of Blue Cross’s November 19, 1987, appeal of the trial court’s denial of the motion to intervene.
The trial court’s settlement order found that Mills was “not entitled to compensation or other benefits under the Workmen’s Compensation Act of Alabama.” However, Mills was awarded a lump sum payment in settlement of prior claims.
The settlement included all claims that Mills may have against Plastic “for any and all accidents, injuries, damages, disability, and impairment up to the present time.” These claims, separate and apart from the case sub judice, include a currently pending case between these parties in the Marengo County Circuit Court (CV-86-251) for personal injuries to Mills’s hand; satisfaction of compensation benefits previously paid to Mills by Plastic (also for a hand injury), but for which Plastic may have been entitled to reimbursement; and liability to current or future defendants for coverage in the Marengo County case.
We believe that Mills and Plastic had the right to effect such settlement in the trial court without the intervention of Blue Cross. Blue Cross does not claim a statutory right to intervene (as required by Alabama Rules of Civil Procedure, Rule 24(a)(1)), but insists that it qualifies for intervention under A.R.Civ.P. 24(a)(2), which provides, in pertinent part:
“(a) Intervention of Right. Upon timely application, anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.”
Is Blue Cross’s interest in the determination of whether Mills’s injury was work-related sufficient to create a right of intervention into this case? We think not.
In Randolph County v. Thompson, 502 So.2d 357, 363 (Ala.1987), quoting State ex rel. Wilson v. Wilson, 475 So.2d 194, 196 (Ala.Civ.App.1985), our supreme court said:
“ ‘To intervene in a proceeding under Rule 24(a)(2), the intervenor must have a direct, substantial, and legally protecta-ble interest in the proceeding. [Citation omitted.] There is no “clear-cut test” to determine if such an interest exists. Rather, courts should use a flexible approach, which focuses on the circumstances of each application for intervention.’ ”
Blue Cross’s interest in the determination of whether Mills’s injury was work-related is a question of fact in common with Mills’s claim; however, that common question could support, at best, only permissive intervention pursuant to Rule 24(b)(2). It falls short of creating a right of intervention for Blue Cross in the workmen’s compensation case. See Dallas County Board of Education v. Henry, 507 So.2d 911 (Ala.1987).
We hasten to point out that “limited or encumbered” intervention would have been proper in this case to protect Blue Cross’s entitlement to a judgment in favor of Mills for medical benefits if Mills had been entitled to medical benefits from Plastic for the heart injury. See Jones v. Crawford, 361 So.2d 518 (Ala.1978); Hughes v. Newton, 295 Ala. 117, 324 So.2d 270 (1975).
In a case where no adjudication has been made determining an employer’s obligation to pay its employee’s medical benefits, a trial court can hold the motion for intervention for granting or denying until the main cause is ready for judgment. Hughes, supra, 295 Ala. at 120, 324 So.2d at 272.
In conclusion, any error committed by the trial court when it denied Blue Cross’s motion to intervene did not injure Blue Cross and was not grounds for reversal where the heart condition was found not to be covered under workmen’s compensation statutes.
*598 This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.