United States Court of Appeals,

Eleventh Circuit.

No. 94-6175.

Stephen BRADFORD, Plaintiff-Appellee,

v.

BRUNO'S, INC., d/b/a Food World # 15, Defendant-Appellant,

Food World # 15, Cullman, Alabama, Defendant.

Sept. 6, 1996.

Appeal from the United States District Court for the Northern District of Alabama. (No. CV-92-G-2875-S), J. Foy Guin, Jr., Judge.

ON PETITION FOR REHEARING AND SUGGESTION OF REHEARING EN BANC

Before EDMONDSON and CARNES, Circuit Judges and MOYE[*], Senior District Judge.

PER CURIAM:

This appeal arises from a diversity jurisdiction lawsuit Stephen Bradford brought against Bruno's, Inc., as a result of a slip and fall at a grocery store in Alabama. This panel previously reversed the district court's judgment and remanded the case for a new trial. *Bradford v. Bruno's, Inc.,* 41 F.3d 625 (11th Cir.1995). We reversed because we concluded that the district court erroneously excluded evidence that Bradford's medical expenses had been paid by an insurance company.

Alabama Code § 12-21-45 (Supp.1994) provides that, "In all civil actions where damages for any medical or hospital expenses are claimed and are legally recoverable for personal injury or death, evidence that the plaintiff's medical or hospital expenses

---

[*]Honorable Charles A. Moye, Jr., Senior U.S. District Judge for the Northern District of Georgia, sitting by designation.

have been or will be paid or reimbursed shall be admissible as competent evidence." The district court held that section 12-21-45 is not applicable in diversity cases, under *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny. It did so based on its characterization of the statute as procedural, rather than substantive. Only state law of a substantive, as opposed to procedural, nature is applicable in diversity cases. *Erie,* 304 U.S. 64, 58 S.Ct. 817. In our previous decision we held that the statute is substantive for diversity purposes, and was due to be applied in this case.

In its motion for rehearing, Bradford suggested that we hold this case in abeyance pending the outcome of *American Legion Post Number 57 v. Leahey,* --- So.2d ----, 1996 WL 390622 (Ala.1996), then pending before the Alabama Supreme Court. *Leahey,* which is another slip and fall case, involved a challenge to the constitutionality of section 12-21-45 under the Alabama Constitution. Because it was apparent to us that if the Alabama Supreme Court were to hold the statute unconstitutional, the district court's decision in the present case would be due to be affirmed, albeit on different grounds than the district court had stated, we agreed to hold this case in abeyance pending a decision in *Leahey.*

Now, approximately 20 months after we issued our original decision in this case, the Alabama Supreme Court has issued its decision in *Leahey,* striking down section 12-21-45. Because of that decision, we now withdraw the opinion published at 41 F.3d 625, and substitute the following opinion:

In *American Legion Post Number 57 v. Leahey,* --- So.2d ----, 1996 WL 390622 (Ala.1996), the Alabama Supreme Court struck down Alabama Code § 12-21-45 (Supp.1994), holding that it violated the Alabama Constitution. The sole issue presented in the present appeal is whether the district court erred by declining to apply section 12-21-45. Although the district court did not decline to apply the statute on the ground that it is unconstitutional, the fact that the Alabama Supreme Court has since invalidated the statute on state constitutional grounds renders the result the district court reached correct, even if its reasoning was not. As Bruno's concedes about the effect of *Leahey,* "we will have to abide by that decision." *See, e.g., Gibson v. Berryhill,* 411 U.S. 564, 580-81, 93 S.Ct. 1689, 1699, 36 L.Ed.2d 488 (1973) (court of appeals applies the law as it exists at the time of its review, not as it existed at the time the district court rendered its decision).

Accordingly, the judgment of the district court is AFFIRMED.[1]

---

[1]To the extent Bradford's rehearing petition is a suggestion for rehearing *en banc,* it is denied.