HOUSTON, Justice.
The petitions for the writ of certiorari are denied.
In denying these petitions for the writ of certiorari, this Court does not wish to be understood as approving all the language, reasons, or statements of law in the Court of Civil Appeals’ opinion. Horsley v. Horsley, 291 Ala. 782, 280 So.2d 155 (1973). See United States v. Interstate Commerce Commission, 337 U.S. 426, 430, 69 S.Ct. 1410, 93 L.Ed. 1451 (1949) (“There is much argument with citation of many cases to establish the long-recognized general principle that no person may sue himself. Properly understood the principle is sound, for courts only adjudicate justicia-ble controversies. They do not engage in the academic pastime of rendering judgments in favor of persons against themselves.”). See also Hagood v. Goff, 208 Ala. 642, 643, 95 So. 21, 21 (1923) (“The practice of a party appearing on both sides of a cause cannot be approved. Any decree a party recovers against himself, though he appears in different capacities, is void. The decree, as against such party, is a nullity. Martin v. Atkinson, 108 Ala. 314, 18 South. 888, and authorities there cited.”).
WRITS DENIED.
NABERS, C.J., and LYONS, JOHNSTONE, and WOODALL, JJ., concur.